Argued January 31, affirmed February 24, United States Supreme
Court denied certiorari June 29, 1966

# ELLIOTT *v.* GLADDEN
### 411 P. 2d 287

*Lawrence A. Aschenbrenner,* Public Defender,
Salem, argued the cause and filed a brief for appellant.

*Wayne M. Thompson,* Assistant Attorney General,
Salem, argued the cause for respondent. With him
on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY,

SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

SLOAN, J.

On July 26, 1963, petitioner Elliott was convicted in Lane county of the crimes of burglary and assault with intent to kill. On July 31, 1963, he was sentenced to maximum terms in the penitentiary. He did not appeal the convictions. Later he filed a petition for post-conviction relief. He alleged, and it was established by a hearing, that Elliott after his arrest and before he was advised of his right to counsel and to remain silent, confessed to the crimes. The confession was used against him at the trial. This case, therefore, presents the question: Will *State v. Neely,* 1965, 239 Or 487, 395 P2d 557, 398 P2d 482, and *Escobedo v. State of Illinois,* 1964, 378 US 478, 84 S Ct 1758, 12 L Ed2d 977, be given retrospective application to cases that had been concluded by a final judgment prior to the decisions in *Escobedo* and *Neely*? The trial court said "no." Petitioner appeals.

In reliance on the opinions in *Linkletter v. Walker,* 1965, 381 US 618, 85 S Ct 1731, 14 L Ed2d 601, and *Tehan v. United States,* 1966, 382 US 406, 86 S Ct 459, 15 L Ed2d 453, we hold that we will not give *Neely* and *Escobedo* retrospective application to the cases that had been "finally decided" before June 22, 1964, the date of the *Escobedo* decision. See *Linkletter v. Walker,* supra, 14 L Ed2d at 603 and 614.

Affirmed.