Argued March 1, reversed and remanded May 11, 1966

# GUSE *v.* GLADDEN

414 P. 2d 317

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

This is an appeal from a judgment denying post-conviction relief. In 1963 petitioner Guse was convicted of burglary and on May 13, 1964 we affirmed the conviction. *State v. Guse,* 237 Or 479, 392 P2d 257. In the course of the trial which resulted in his conviction, a confession which he had given to police officers after he was arrested was introduced into evidence. It is conceded that the officers who obtained the confession did not advise him of his right to counsel or right to remain silent.

The issue is whether the rule of *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed2d 977 (1964) has retroaction sufficient to encompass Guse's conviction. The defendant argues that *Escobedo* is not retroactive and therefore its benefits are not available to Guse in connection with his collateral proceedings for relief under the post-conviction statutes.

*Mapp v. Ohio,* 367 US 643, 81 S Ct 1684, 6 L Ed2d 1081 (1961) and the *Escobedo* case hold that the

Fourteenth Amendment to the United States Constitution requires that evidence obtained in violation of the Fourth and Fifth Amendments respectively be excluded not only in federal but also in state criminal proceedings. *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed2d 799 holds that the federal constitution requires that indigent defendants have the right to counsel in all stages of felony trials in state as well as federal courts. We are required to follow the doctrine of *Mapp, Escobedo* and *Gideon.* The *Gideon* doctrine is retroactive without limitation.① We follow that rule.

In *Linkletter v. Walker, supra,* 381 US 618, 85 S Ct 1731, 14 L Ed 2d 601, the United States Supreme Court set forth a specific formula of limited retroaction to be applied to the exclusionary rule established by *Mapp.* The United States Supreme Court has not yet had occasion to determine whether the exclusionary rule of *Escobedo* shall be subject to limited retroaction as is the *Mapp* rule, subject to retroaction without limit as is the *Gideon* rule, or subject to some other standard.

When *Elliott v. Gladden,* 82 Or Adv Sh 335, 411 P2d 287 came before us it was necessary that we attempt to anticipate what the United States Supreme Court's ruling re retroactivity would be as to the *Escobedo* rule. We there decided that logically the *Linkletter* principle of limited retroaction should apply to the *Escobedo* rule.

① In Linkletter v. Walker, *supra,* 381 US 618, 85 S Ct 1731, 14 L Ed2d 601, the Supreme Court said: "It is true that heretofore, without discussion, we have applied new constitutional rules to cases finalized before the promulgation of the rule." 14 L Ed2d at 608. The court amplified this in a footnote: "The rule in Gideon v. Wainwright * * * [saying] that counsel must be appointed to represent an indigent charged with a felony, was actually applied retrospectively in that case since Gideon had collaterally attacked the prior judgment by post-conviction remedies." 14 L Ed2d at 608, fn. 13.

■ Turning to the *Linkletter* case we find that Victor Linkletter was convicted of burglary in Louisiana on May 28, 1959. The trial court considered and rejected the claim that evidence admitted against him was unlawfully seized, and the conviction was affirmed by the Supreme Court of Louisiana in February of 1960. Immediately after the United States Supreme Court decided the *Mapp* case on June 19, 1961, Linkletter sought habeas corpus relief. The United States Supreme Court affirmed the lower court's denial of relief to Linkletter, saying that only limited retroaction should be applied to the *Mapp* rule. In reaching its decision the Supreme Court said:

> "* * * [W]e are concerned only with whether the exclusionary principle enunciated in *Mapp* applies to state court convictions which had become final before rendition of our opinion." 381 US at 622.

The court then defined "final" in a footnote reading:

> "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before the decision in Mapp v. Ohio." 381 US at 622.

The fact that the United States Supreme Court used the technique of defining the word "final" in a footnote makes the definition no less meaningful than if it were in the body of the opinion.

■ In *People v. Polk,* 47 Cal Rptr 1, 406 P2d 641 (1965) the California Supreme Court, in applying the *Linkletter* principle of limited retroaction to the exclusionary rule of *Escobedo* as we did in the *Elliott* case, was faced with the precise question presented in the case at bar. It held, and in our opinion correctly, that the benefits of the *Escobedo* rule were available

to the defendant in *Polk,* because his conviction had been affirmed by the California Supreme Court less than 90 days prior to the date on which the United States Supreme Court decided the *Escobedo* case, saying:

"* * * The judgment on the issue of guilt was affirmed on March 31, 1964. (People v. Polk, 61 Cal.2d 217, 37 Cal. Rptr. 753, 390, P.2d 641). *Within the 90 days thereafter in which defendants could have applied for certiorari (see 28 U.S.C. § 2101 (d); rule 22, Rules of the United States Supreme Court),* on June 22, 1964, the United States Supreme Court decided the Escobedo case. Thus the judgment on the issue of guilt was not final at the time of Escobedo, since the United States Supreme Court has stated that '[b]y final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed * * *.' (Linkletter v. Walker, 381 U.S. 618, 85 S Ct. 1731, 1734, fn. 5, 14 L.Ed.2d 601)." (Emphasis supplied.) 47 Cal Rptr at p. 4.

The Oregon State Bar Committee in its Continuing Legal Education Handbook has similarly interpreted *Linkletter.*

"* * * The U.S. Supreme Court held that the *Mapp* ruling did not apply to state-court convictions which had become 'final,' meaning that the judgment of conviction had been rendered and the availability of appeal exhausted *and the time for petition for certiorari to the United States Supreme Court elapsed before the decision of Mapp on June 19, 1961.*" Oregon Criminal Law Handbook, Part IV-Constitutional Questions, ch 21, § 21.25, Carl R. Neil, Right to Counsel (1965). (Emphasis supplied.)

*Elliott v. Gladden, supra,* is consistent with the California court's interpretation of *Linkletter* in

*People v. Polk, supra.* Elliott exhausted his state remedies almost a year before the date of the *Escobedo* decision. In holding, "we will not give *Neely* and *Escobedo* retrospective application to the cases that had been 'finally decided' " (82 Or Adv Sh at 336) before *Escobedo* was handed down, we had no reason to consider the effect of the 90-day period in which to petition for certiorari and therefore no reason to discuss the *Linkletter* interpretation of the word "final."

It appears from *Tehan v. United States,* 382 US 406, 86 S Ct 459, 15 L Ed2d 453, that the Supreme Court, by using the word "final" in *Linkletter,* did not intend to state that the finality of a state court judgment is no longer determined by the laws of that state. The court, in *Tehan,* defined the issue as dealing solely with the date of retroactivity and not with the general principle of "finality of judgments" by saying: "The precise question is whether the rule of Griffin v. California is to be applied to cases in which the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari elapsed or a petition for certiorari finally denied all before April 28, 1965." 15 L Ed2d at 456, fn. 3.

In his petition for post-conviction relief Guse alleged that after he had been arrested the police obtained a confession from him without advising him of his right to remain silent and right to counsel. The trial judge in his opinion stated that there was some evidence that Guse knew his constitutional rights at the time he confessed. However, his order stated that it was unnecessary to decide "whether or not petitioner was effectively advised or knew of his rights" prior to confessing because *Escobedo* had no application. The trial court's order dismissing Guse's petition was based on the fact that Guse's conviction was affirmed

on appeal by this court on May 13, 1964, *State v. Guse,* 237 Or 479, 392 P2d 257, and that the *Escobedo* decision which was handed down on June 22, 1964, had no retroactive effect.

It follows that Guse is entitled to the benefits of the *Escobedo* rule in a post-conviction proceeding collaterally attacking his conviction—not because the judgment of this court affirming his conviction was not final at the time the *Escobedo* decision was published —but because his conviction was affirmed by final judgment of this court less than 90 days prior to the date of the *Escobedo* decision. The evidence offered in Guse's post-conviction proceedings must be considered in light of *Escobedo* and subsequent opinions of this court construing and applying that decision.

Reversed and remanded.