Argued March 1, affirmed June 3, 1966

# AVENT v. GLADDEN
415 P. 2d 164

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for petitioner-appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

PER CURIAM.

The petitioner Ann Whitney Avent filed her petition for post conviction relief in the Circuit Court for Marion County. The petition was denied by the trial court and from the judgment entered petitioner appeals.

Petitioner's first assignment of error is based upon the contention that her oral admissions made after arrest were admitted in evidence at her trial in violation of her constitutional rights as defined in *Escobedo v. State of Illinois*, 378 US 478, 84 S Ct 1758, 12 L Ed2d 977, and *State v. Neely*, 239 Or 487, 395 P2d 557, 398 P2d 482.

Petitioner was convicted of second degree murder in the Circuit Court for Morrow County on September 6, 1955, and she appealed. The judgment entered in the trial court was affirmed by this court on October 27, 1956.

■ Since this court determined in *Elliott v. Gladden*, — Or —, 411 P2d 287, that it will not give retrospective consideration to the constitutional issues raised in *Escobedo* and *Neely* after a judgment has become final in this state and 90 days thereafter have expired, *Guse v. Gladden*, 243 Or 406, 414 P2d 317, we do not consider the merits of petitioner's contentions in this area of the law.

The petitioner also contends that in her trial in the Circuit Court of Morrow County, the trial court gave an instruction which prevented her from having a fair trial. The giving of this instruction was assigned as error on direct appeal. This court declined to pass upon this assignment of error because no objection thereto was made in the trial court. *State v. Avent*, 209 Or 181, 302 P2d 549.

■ Having been waived in the trial of the cause, error of this nature is not revitalized by reason of the post conviction act.

The judgment of the trial court is affirmed.