Argued April 7, reversed and remanded July 2, 1969

HAYNES, *Appellant, v.* CUPP, *Respondent.*

456 P2d 490

*Kenneth C. Hadley*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*David H. Blunt*, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, Salem, and Helen B. Kalil, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, DENECKE and HAMMOND*, Justices.

DENECKE, J.

Petitioner appeals from an order dismissing his petition for post-conviction relief, which order was entered after a demurrer to such petition had been sustained and petitioner declined to plead further.

Petitioner was convicted of the crime of burglary

---

* Hammond, J., did not participate in this decision.

not in a dwelling and sentenced to the penitentiary on December 9, 1963. From such conviction he appealed to this court (*State v. Haynes*, 239 Or 132, 396 P2d 694 (1964). He did not assign as error the ground with which we are concerned on this appeal. The judgment of conviction was affirmed.

One of the grounds alleged in the petition for post-conviction relief is that the petitioner was interrogated by officers although he was not informed of his right to remain silent or his right to counsel and as a result of such interrogation petitioner made admissions which were received in evidence at his trial. The defendant contends: "Petitioner's Escobedo claims are *res judicata* both on the grounds that his appeal was concluded four and one-half months after the *Escobedo* decision; and because he did not raise them in a post-conviction proceeding prior to the instant matter."

This first contention of the defendant is, in essence, that a suspect's right to be advised of his right to remain silent and of his right to counsel stems from the decision in *Escobedo v. Illinois*, 378 US 478, 84 S Ct 1758, 12 L Ed2d 977 (1964), and the principles of *Escobedo* are not to be applied to a case in which the appeal in this court was not decided for four and one-half months after the *Escobedo* decision and when petitioner's counsel did not then raise this issue.

The defendant's contention is not well taken.

■ In this jurisdiction the right of a suspect to be informed of his right to remain silent and his right to counsel stems from our decision in *State v. Neely*, 239 Or 487, 395 P2d 557, 398 P2d 482 (1965), decided upon rehearing January 27, 1965. We held that such rights necessarily followed from *Escobedo v. Illinois*, supra (378 US 478).

In *Elliott v. Gladden*, 244 Or 134, 411 P2d 287, cert den 384 US 1020, 86 S Ct 1982, 16 L Ed2d 1043 (1966), we held that *Neely* would not be applied in cases "finally decided" before June 22, 1964, the date of the *Escobedo* decision. In *Guse v. Gladden*, 243 Or 406, 414 P2d 317 (1966), we elaborated upon "finally decided" and held *Guse's* case was not finally decided prior to *Escobedo* because less than 90 days elapsed between affirmance of Guse's conviction by this court and June 22, 1964. The 90 days was included because that is the time available to petition for certiorari to the United States Supreme Court. Guse was tried in 1963 and his conviction was affirmed by this court on May 13, 1964. The petitioner in the instant case was tried in 1963 and his appeal was affirmed by this court on November 18, 1964.

2. We have not been in complete accord as to what rights first originated in the decision in *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed2d 694, 10 ALR3d 974 (1966), and what rights date from *State v. Neely*, supra (239 Or 487), in which we attempted to interpret *Escobedo*. See *State v. Dills; Stice*, 244 Or 188, 194, 416 P2d 651 (1966); *State v. Allen*, 248 Or 376, 382, 434 P2d 740 (1967). We are in accord, however, that *State v. Neely*, supra (239 Or 487), established that before a confession or an admission obtained by custodial interrogation could be admissible it was necessary to prove that the defendant had been advised of his right to remain silent and his right to counsel. The present petition alleges that no such advice was given. This case was not finally decided before June 22, 1964, therefore, *State v. Neely*, supra (239 Or 487), is applicable.

As part of his first contention the defendant also urges that the petitioner waived his right to assert this

ground for post-conviction relief because he failed to urge it in his appeal.

ORS 138.550 (2) provides:

"When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to his lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section."

■ The direct appeal was argued on November 5, 1964. We can assume that appellant's brief in that case was filed at least three or four months before that time. *Escobedo* was decided in June 1964; however, many courts did not believe that decision required the advising of an interrogated accused of his rights. *Johnson v. New Jersey*, 384 US 719, 86 S Ct 1772, 16 L Ed2d 882 (1966). Our decision in *State v. Neely,* supra (239 Or 487), holding that *Escobedo* did require such advice to the accused, came down in an initial opinion in September 1964, but our holding was not fully defined until the opinion on the petition for rehearing in January 1965. In *State v. Clifton,* 240 Or 378, 401 P2d 697, decided in May 1965, we held that on appeal the defendant could successfully urge that it was error to admit admissions of the defendant when he was not informed of his constitutional rights al-

though no objection to the testimony of such admissions had been made at trial.

Under these circumstances we hold the petitioner could not have reasonably asserted this ground upon direct appeal.

The defendant also asserts that petitioner has waived his right to advance such ground in this proceeding because he failed to do so in a post-conviction proceeding involving a conviction for another crime. See *Haynes v. Gladden*, 245 Or 487, 422 P2d 679 (1967).

The statute relied upon by defendant is ORS 138.550(3) which provides:

> "All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in his original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition * * *."

■ We hold that the Post-Conviction Relief Act (ORS 138.510 to 138.680) is intended to afford relief for conviction of a particular crime rather than relief from detention for any reason, as is normally the case in habeas corpus proceedings. Our conclusion stems from the wording of ORS 138.510(1) which provides:

> "Except as otherwise provided in ORS 138.540, any person *convicted of a crime* under the laws of this state may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680." (Emphasis added.)

In the same vein is ORS 138.540(1) as follows:

> "Except as otherwise provided in ORS 138.510 to 138.680, a petition pursuant to ORS 138.510 to 138.680 shall be the exclusive means, after judg-

ment rendered *upon a conviction for a crime*, for challenging the lawfulness of such judgment *or the proceedings upon which it is based.* \* \* \*" (Emphasis added.)

■ Other provisions of the Act are to similar effect and it, therefore, follows that where ORS 138.550(3), supra, requires that all grounds for relief must be asserted in the original or amended petition or the same are deemed waived the statute intends to require only the grounds for relief from *a particular judgment of conviction* be raised in the first instance.

The defendant's demurrer should not have been sustained.

Reversed and remanded.