Argued March 4, reargued October 6, reversed October 22, petition
for rehearing denied November 18, 1969

BOUGE, *Respondent, v.* REED, *Appellant.*

459 P. 2d 869

*Deane S. Bennett,* Assistant Attorney General,
Salem, argued the cause for appellant. With him on

the brief was Robert Y. Thornton, Attorney General, Salem. Thomas H. Denney, Assistant Attorney General, Salem, reargued the cause for appellant.

*Ralph W. G. Wyckoff,* Salem, argued and reargued the cause and filed a brief for respondent.

DENECKE, J.

The petitioner brought this post-conviction proceeding to challenge his conviction for grand larceny upon the ground that an order made in 1963 remanding him from juvenile jurisdiction to circuit court for criminal prosecution was invalid because the juvenile court held no hearing to determine whether petitioner should be remanded. The post-conviction court concluded that the remand was invalid and ordered petitioner released. The defendant, the superintendent of the facility in which petitioner is being confined, appeals.

The record is not clear whether there was or was not a hearing on the remand. The order of remand does not recite that there was a hearing. The post-conviction court found there was none and there is ample evidence supporting that finding; therefore, on appeal it must be accepted as a fact that there was no hearing.

ORS 419.533 does not expressly provide for a hearing. It provides:

"A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older; and

"(b) The child committed or is alleged to have

committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child and the public."

The chief contention of the petitioner is that *Kent v. United States,* 383 US 541, 86 S Ct 1045, 16 L Ed2d 84 (1966), read in light of *In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed2d 527 (1967), requires that we interpret our remand statute to require a hearing. Petitioner argues that these decisions hold that the due process clause of the Federal Constitution requires a hearing.

■ *Kent v. United States,* supra (383 US 541), specifically held that a remand could not be made without a hearing. The uncertainty about *Kent* is whether it is grounded upon a statute, the District of Columbia Juvenile Court Act, or upon the Due Process Clause. *Gault* is expressly grounded upon the Due Process Clause; however, it concerned the requirements for a juvenile commitment hearing and not a remand. We conclude that the intent of the United States Supreme Court, as expressed in those two decisions, is that the due process clause of the Constitution of the United States requires states to accord a hearing before a juvenile can be remanded to the adult criminal process.

The Court stated in *Kent v. United States,* supra (383 US at 554):

"We do not consider whether, on the merits, Kent should have been transferred; but there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons.

It is inconceivable that a court of justice dealing with adults, with respect to a similar issue, would proceed in this manner. It would be extraordinary if society's special concern for children, as reflected in the District of Columbia's Juvenile Court Act, permitted this procedure. We hold that it does not."

It decided:

"We do not mean by this to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment. * * *." 383 US at 562.

In *In re Gault*, supra (387 US at 30-31), the Court said of these statements:

"* * * We reiterate this view, here in connection with a juvenile court adjudication of 'delinquency,' as a requirement which is part of the Due Process Clause of the Fourteenth Amendment of our Constitution."

■ ORS 419.533, the remand statute, is, therefore, interpreted to require a hearing.[1]

■ The further question remains, however, whether the ruling that a hearing is required by the United States Supreme Court decisions should be made applicable to the remand proceedings in this case, which were held in 1963 before the decision in *Kent v. United States,* supra (383 US 541). We hold it should not.

This modern problem of when decisions of the United States Supreme Court in the constitutional

[1] *Accord,* In re Harris, 67 Cal2d 876, 64 Cal Rptr 319, 434 P2d 615 (1967); Smith v. Commonwealth, 412 SW2d 256 (Ky 1967); Dillenburg v. Maxwell, 70 Wash2d 331, 413 P2d 940, 422 P2d 783, cert den 386 US 998, 87 S Ct 1320, 18 L Ed2d 348 (1967).

area of criminal or quasi-criminal procedure are to be applied retroactively is difficult to solve in a logical fashion. *Holbert v. Gladden*, 253 Or 435, 455 P2d 45 (1969). One clear negative guideline was stated in *Johnson v. New Jersey*, 384 US 719, 86 S Ct 1772, 16 L Ed2d 882 (1966) : "We here stress that the choice between retroactivity and nonretroactivity in no way turns on the value of the constitutional guarantee involved." 384 US at 728.

One criterion to be used in solving the problem is whether or not retroactive application "would seriously disrupt the administration of our criminal laws." *Johnson v. New Jersey,* supra (384 US at 731).

The most serious disruption in this kind of case is our inability to realistically return the case to the status it was in before the error was committed. The petitioner is now 23 years of age and no longer subject to the jurisdiction of the juvenile court. This is probably the fact in all cases of this kind in which the remand was made before the decision in *Kent v. United States,* supra (383 US 541), in 1966. If the rule of *Kent* were applied retroactively this circumstance leaves no satisfactory alternative for the disposition of the case. Theoretically we could refer this case back to some court to hold a hearing to determine whether in 1963 it was in the best interest of the petitioner and the public that petitioner be remanded or that juvenile court jurisdiction be retained. This was what a majority of the Washington court decided was the appropriate disposition in *Dillenburg v. Maxwell,* 70 Wash2d 331, 413 P2d 940, 422 P2d 783, cert den 386 US 998, 87 S Ct 1320, 18 L Ed2d 348 (1967). In our view, however, this is not realistic.

We could refer the case back for another criminal trial. This was the solution urged by the minority

in *Dillenburg v. Maxwell,* supra (70 Wash2d 331). This we also do not find satisfactory, particularly in this case in which the guilt of petitioner is not in question because the petitioner, who was represented by counsel at the time, entered a plea of guilty to the indictment.

The remaining alternative is to unconditionally release the petitioner. On occasion it is necessary to release an admittedly guilty person in order to safeguard a public right which is more valuable than the public's right to have one guilty person sentenced; however, such action is always disruptive of the administration of criminal justice and should be avoided whenever possible. We do not believe it is necessary in this particular case.

Our decision is in accord with *In re Harris,* 67 Cal2d 876, 64 Cal Rptr 319, 434 P2d 615 (1967), in which that court decided that it would seriously disrupt the administration of justice if *Kent* were applied retroactively. *Accord, Eyman v. Superior Court in and for county of Pinal,* 9 Ariz App 6, 448 P2d 878 (1969); *Cradle v. Peyton,* 208 Va 243, 156 SE2d 874 (1967); *State v. Hance,* 2 Md App 162, 233 A2d 326 (1967); *Smith v. Commonwealth,* 412 SW2d 256 (Ky 1967); *Kemplen v. State of Maryland,* 295 F Supp 8 (DC D Md 1969); and *United States v. Wilkerson,* 262 F Supp 596 (DDC 1967). Only *Steinhauer v. State,* 206 S2d 25 (Fla App 1968), decided that *Kent* should be applied retroactively to a remand.[2]

Reversed.

---

[2] A distinction should be made between a remand to a criminal court and a juvenile commitment. Eyman v. Superior Court in and for County of Pinal, 9 Ariz App 6, 448 P2d 878 (1969), makes such distinction.