Submitted on record and briefs January 23, reversed and
remanded February 19, petition for rehearing denied
April 7, 1970. Petition for review denied
by Supreme Court May 12, 1970

## STATE OF OREGON, *Respondent, v.*
## ERIC LEE CALDWELL, *Appellant.*

465 P2d 489

Howard R. Lonergan, Portland, for appellant.

John B. Leahy, District Attorney, and Michael E.

Murphy, Deputy District Attorney, Eugene, for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant was charged in 1963 under ORS 167.115 with leaving his wife in a house of prostitution. At trial incriminating statements elicited by police interrogation were admitted and there was no evidence that defendant had been advised of his right to an attorney. He was convicted and was sentenced January 29, 1964. He appealed to the Oregon Supreme Court from an order denying his motion for a new trial and the appeal was dismissed on April 14, 1964, on the ground that such an order is not appealable. A later motion to file an amended notice of appeal was denied. He filed a post-conviction petition contending the admission of the incriminating statements constituted a denial of his constitutional rights and this petition was dismissed by the Marion County Circuit Court on June 30, 1965, on the ground that the exclusionary rule of *Escobedo v. Illinois*, 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964), was not retroactive to cover defendant's case. Defendant brought federal habeas corpus proceedings in the United States District Court for the District of Oregon, and on September 30, 1968, that court deferred final action on his petition and gave defendant the opportunity to petition the Oregon Supreme Court to set aside the dismissed appeal and reinstate it for consideration on the merits. The Oregon Supreme Court reinstated defendant's appeal on December 30, 1968.

*Elliott v. Gladden,* 244 Or 134, 411 P2d 287, cert den 384 US 1020, 86 S Ct 1982, 16 L Ed 2d 1043 (1966), quoted and expanded upon in *Guse v. Gladden,* 243 Or 406, 414 P2d 317 (1966), holds that the *Escobedo* exclusionary rule applies to cases not "finally decided" before the *Escobedo* decision on June 22, 1964. With the reinstatement of this defendant's appeal, the present case has not yet been "finally decided." It follows that the defendant is entitled to the benefit of the *Escobedo* rule and this case must be remanded for a new trial. Defendant's other assignments of error are without merit.

Reversed and remanded.