Argued October 30, 1970, reversed April 21, 1971

## STATE OF OREGON, *Petitioner, v.*
## ROBERT JOSEPH EVANS, *Respondent.*

483 P2d 1300

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for petitioner. With him on the brief was George Van Hoomissen, District Attorney, Portland.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

BRYSON, J.

This court granted the plaintiff's (state's) petition for review of the Court of Appeals' opinion wherein that court vacated the circuit court's judgment order finding defendant guilty of murder in the first degree, and remanded the case with instructions to sentence the defendant for the crime of manslaughter. 2 Or App 441, 468 P2d 657 (1970). The Court of Appeals followed this court's opinions in *Elliott v. Gladden,* 244 Or 134, 411 P2d 287, *cert denied,* 384 US 1020, 86 S Ct 1982, 16 L Ed2d 1043 (1966), and *Haynes v. Cupp,* 253 Or 566, 456 P2d 490 (1969).

The defendant was indicted by the Multnomah county grand jury on November 1, 1963, for the crime of first degree murder for the killing of one Irene E. Davis by choking and strangling her with his hands and a stocking. The defendant entered pleas of not guilty and not guilty by reason of insanity, but after commencement of the trial on February 24, 1964, the defendant withdrew his pleas of not guilty and confessed in open court to being guilty to the charge of homicide.

The trial court dismissed the jury and held a hearing pursuant to ORS 163.130:

> "If upon an indictment for murder the defendant is convicted upon his own confession in open court, the court shall hear the proof and determine the degree of murder and give judgment accordingly."

The court, by judgment order dated March 5, 1964, found the defendant guilty of first degree murder.

In the hearing to determine the degree of murder, as provided in ORS 163.130, the court admitted and considered as evidence, over objection, a confession made by defendant before an official court reporter on August 24, 1963.

The defendant appealed, contending that the trial court erred in admitting into evidence the defendant's confession which was obtained subsequent to his arrest and prior to his being effectively advised of his right to counsel and right to remain silent. The state concedes that the confession given by the defendant is violative of the principles of *State v. Neely,* 239 Or 487, 498, 395 P2d 557, 398 P2d 482 (1965); *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed2d 694 (1966), that is, the defendant was not properly advised of his right to counsel before giving his confession to killing Irene E. Davis. The evidence indicates the defendant was advised of his right to remain silent.

In *Elliott v. Gladden, supra,* this court was required to decide if the decisions in *Neely* and *Escobedo* would be applied retroactively. It was held that *Neely* and *Escobedo* would not be applied in cases "finally decided" before June 22, 1964, the date of the *Escobedo* decision, relying on *Linkletter v. Walker,* 381 US 618, 85 S Ct 1731, 14 L Ed2d 601 (1965); *Tehan v. Shott,* 382 US 406, 86 S Ct 459, 15 L Ed2d 453 (1966).

In *Haynes v. Cupp, supra,* the same rule was applied, stating:

"In *Guse v. Gladden,* 243 Or 406, 414 P2d 317 (1966), we elaborated upon 'finally decided' and

held Guse's case was not finally decided prior to *Escobedo* because less than 90 days elapsed between affirmance of Guse's conviction by this court and June 22, 1964. The 90 days was included because that is the time available to petition for certiorari to the United States Supreme Court * * *." 253 Or 566 at 569.

This is the rule in *Linkletter* applying *Mapp v. Ohio*, 367 US 643, 81 S Ct 1684, 6 L Ed2d 1081 (1961).

In *Guse* this court recognized the problem with which it was confronted and stated at page 408:

"* * * The United States Supreme Court has not yet had occasion to determine whether the exclusionary rule of *Escobedo* shall be subject to limited retroaction as is the *Mapp* rule, subject to retroaction without limit as is the *Gideon* rule, *or subject to some other standard.*" (Emphasis added.)

On June 20, 1966, shortly after *Guse*, the United States Supreme Court gave its opinion in *Johnson v. New Jersey*, 384 US 719, 86 S Ct 1772, 16 L Ed2d 882 (1966), wherein it was called upon to determine whether the rules announced in *Escobedo* and *Miranda* should be applied retroactively. *Johnson v. New Jersey, supra,* reviews the problem of retroactivity in connection with constitutional rules of criminal procedure and specifically as applied in *Linkletter v. Walker, supra; Tehan v. Shott, supra;* and *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed2d 799 (1963). In *Johnson* the court stated:

"* * * Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved * * *." 384 US at 728.

The rule in *Johnson v. New Jersey, supra,* makes *Escobedo* and *Miranda* nonretroactive and the decisions in those cases to be applied only to cases in which trial began after the decisions were announced, June 22, 1964, and June 13, 1966, respectively.

This court has applied the rule of *Johnson v. New Jersey, supra,* in *State v. Dills; Stice,* 244 Or 188, 416 P2d 651 (1966); *State v. Allen,* 248 Or 376, 434 P2d 740 (1967); and *Bouge v. Reed,* 254 Or 418, 459 P2d 869 (1969).

*State v. Dills; Stice, supra,* was tried in April, 1965, after the decision in *Escobedo* and *Neely* but before *Miranda.* The court stated:

> "This case is not governed by Miranda v. Arizona * * * since it was tried before the Miranda decision was rendered: Johnson v. New Jersey * * *." 244 Or 188 at 194.

*State v. Allen, supra,* was first tried on July 29, 1963. On appeal, the conviction was set aside and the case was remanded for a new trial. On the appeal, after the second trial, this court stated:

> "Since the retrial of this case began before Miranda v. Arizona * * * was decided, the principles relating to police interrogation announced in that case are not applicable here. Johnson v. New Jersey * * *; State v. Dills; Stice * * *." 248 Or 376 at 382.

*Bouge v. Reed, supra,* was a post-conviction proceeding, involving a juvenile, to challenge his conviction for grand larceny upon the ground that an order made in 1963 which remanded him to the circuit court was invalid because no hearing was held by the juvenile court contrary to the holding in *Kent v. United States,* 383 US 541, 86 S Ct 1045, 16 L Ed2d

84 (1966). In deciding that *Kent* would not be applied retroactively we stated:

> "One criterion to be used in solving the problem is whether or not retroactive application 'would seriously disrupt the administration of our criminal laws.' Johnson v. New Jersey * * *." 254 Or 418 at 422.

In the later case of *Jenkins v. Delaware*, 395 US 213, 89 S Ct 1677, 23 L Ed2d 253 (1969), the United States Supreme Court extended the nonretroactive rule announced in *Johnson v. New Jersey, supra*, as it applies to *Escobedo* and *Miranda*, to the retrial of a case when the original trial for the same conduct commenced prior to June 13, 1966 (*Miranda* decision).

There is nothing to prevent this court from adopting a more strict rule than that enunciated by the United States Supreme Court, but in this field of law it adds nothing to consistent and orderly judicial process. We are now of the opinion that to further the orderly administration of criminal procedure and trials as it applies to *Escobedo-Neely* and *Miranda* standards, we should have but one rule of procedure. The rule is that in *Escobedo-Neely* and *Miranda* cases they are nonretroactive and the decisions in *Escobedo* and *Miranda* apply only to cases in which trial began after the decision in such a case was announced. Further, in the event of a retrial of such a case where the original trial for the same conduct commenced prior to the announcement of the effective decision in either of these types of cases, the rule of *Escobedo-Neely* and *Miranda* is nonretroactive.

Accordingly, *Elliott v. Gladden, supra*; *Guse v. Gladden, supra*; and *Haynes v. Cupp, supra*, are overruled in this respect.

The opinion of the Court of Appeals is reversed and the trial court judgment of conviction dated March 5, 1964, is affirmed.

Reversed.

McALLISTER, J., dissenting.

The retroactivity rule which we adopted in *Elliott v. Gladden*, 244 Or 134, 411 P2d 287 (1966) and elaborated upon in *Guse v. Gladden*, 243 Or 406, 414 P2d 317 (1966) has been applied on a number of occasions since the decision of the United States Supreme Court in *Johnson v. New Jersey*. I think those cases were properly decided, and in my opinion there is no need to change the rule at this time.

I dissent.