Motion to dismiss appeal argued March 15, denied May 6; argued July 20, reversed and remanded August 26, 1971

IN THE MATTER OF COREY DEAN WEIDNER, A CHILD.

## STATE OF OREGON, *Respondent, v.* COREY DEAN WEIDNER, *Appellant.*

484 P2d 844
487 P2d 1385

*James L. Carney*, Assistant Attorney General, Salem, for the motion.

*William C. Snouffer*, Portland, contra.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This matter is now before the court on the state's motion to dismiss the defendant's appeal from an order of the Washington County Circuit Court, Juvenile Department, remanding him to adult court. The defendant was remanded verbally on June 8, 1970, and by written "Amended Order and Disposition" on June 23, 1970. The validity of his remand is the subject of the appeal, notice of which was filed on July 14, 1970. Defendant became 18 on July 24, 1970, and he was indicted on October 2, 1970, by the Multnomah County Grand Jury for illegal sale of narcotics which adult prosecution is presently pending. The state contends that since defendant became 18 shortly after the date of remand, the juvenile court has lost jurisdiction over him and defendant's appeal is moot.

The juvenile court assumed jurisdiction over the defendant in May 1970, while he was under 18. This was in accordance with ORS 419.476 (1) which provides that a juvenile court shall have exclusive original jurisdiction in any case involving a person who is under 18 years of age and

"(a) Who has committed an act which is a vio-

lation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * *."

Having acquired jurisdiction, the juvenile court had a number of dispositive options such as wardship, protective supervision, commitment to an institution, probation, etc. ORS 419.507 provides as follows:

"A child found to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, may be made a ward of the court. Where a child has been found to be within its jurisdiction, the court may:

"(1) Place the child on probation or under protective supervision. * * *

"(2) Subject to ORS 179.473 and 419.509, place the child in the legal custody of a public or private institution or agency authorized to accept the child or, if the child is at least 12 years of age, to the Corrections Division. * * *

"(3) * * * [Involves arrangements for supervision if child permitted to reside in another state.]

"(4) In the circumstances set forth in ORS 419.533, remand the child to the appropriate court handling criminal actions, or to municipal court."

In this case the juvenile court chose remand, albeit erroneously according to defendant.

Where a child is made a ward of the court,[1]

---

[1] "III. (§ 7.3) EFFECT OF MAKING CHILD A WARD OF THE COURT

"The court may declare the child to be a ward of the juvenile court. ORS 419.507 (1). In general, wardship means that the child is subject to the protective supervision of the court and to its orders made pursuant to that supervision. It also means that, if the court does not appoint a guardian for the child, the powers of a guardian (i.e., the power to make decisions of major legal importance) are exercised by the court as part of its wardship. ORS 419.511 (4).

"It is not mandatory that the child be made a ward of the

specific provision is made for continuance of the wardship until age 21 unless the court takes action pursuant to the following statute to terminate it. ORS 419.531 provides:

"The court's wardship over a child brought before it continues until whichever of the following occurs first:

"(1) The court dismisses the petition concerning the child or remands the case to the appropriate court handling criminal actions, or to municipal court. If the court has wardship of a child based upon a prior petition, remanding the child to the court handling criminal actions, or to municipal court in connection with a subsequent violation of a law or ordinance relating to the use or operation of a motor vehicle does not terminate the wardship, unless the court so orders.

"(2) The court transfers jurisdiction over the child as provided in ORS 419.545 or subsection (2) of ORS 419.549.

"(3) The court by order terminates its wardship.

"(4) A decree of adoption of the child is entered by a court of competent jurisdiction.

"(5) The child becomes 21 years of age."

Furthermore, it appears that the juvenile court's power to retain jurisdiction beyond age 18 was meant to apply more generally. ORS 419.511 (1) provides:

"The duration of any disposition made pursuant to subsections (1) to (3) of ORS 419.507 shall be fixed by the court and may be for an indefinite

court. The mandatory wording of the section originally proposed by the Legislative Interim Committee was changed by the Oregon Legislature. *Report of the Legislative Interim Committee on Judicial Administration, Part II, Juvenile Law*, 19-20, 64 (1959)." Oregon State Bar, Oregon Juvenile Law Handbook (1970).

period. However, any placement in the legal custody of the Corrections Division shall be for an indefinite period. The period of any disposition shall not extend beyond the date on which the child becomes 21 years of age."

The state contends that since wardship was not specifically established here, the juvenile court lost jurisdiction when defendant reached the age of 18 on July 24, 1970, thus making this appeal moot. We do not agree. Though the juvenile code is not explicit on this point, it appears that the intent of the framers of the code was that once a juvenile court has established jurisdiction over a child, the court must take affirmative action to dispose of the case—in one of the ways provided by statute—before jurisdiction can terminate. In any event, jurisdiction automatically terminates when the child reaches age 21. ORS 419.511 and 419.531.

We hold the appeal is not moot and the motion to dismiss the appeal is denied.

## ON THE MERITS

*William C. Snouffer,* Portland, argued the cause for appellant. With him on the brief were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

A petition was filed in the Juvenile Department, Washington County Circuit Court, alleging that 17-year-old Corey Dean Weidner was within the jurisdiction of the juvenile court by reason of the fact that on May 22, 1970, in Multnomah County, Oregon, he unlawfully sold a kilo of marihuana, a narcotic drug. Thereafter, pursuant to notice, on June 8, 1970, the

defendant child, his parents, his attorney and the juvenile court counselor appeared before the juvenile court judge for a hearing to determine whether the child should be remanded to adult court. No evidence was adduced at the hearing, which consumed only nine minutes, and the court remanded Weidner to adult court. The remand statute, ORS 419.533, reads as follows:

"(1) A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:
"(a) The child is at the time of the remand 16 years of age or older; and
"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and
"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child and the public.

"* * * * *"

The remand order did not set forth reasons for the remand.

Defendant claims the "hearing" was so cursory as not to amount to a hearing; that the remand order of the court did not comply with the remand statute, ORS 419.533, or with the requirement of *Kent v. United States*, 383 US 541, 86 S Ct 1045, 16 L Ed 2d 84 (1966), in that it did not set forth reasons for the remand nor recite that "retaining jurisdiction [would] not serve the best interests of the child and the public." Finally, defendant contends that the remand statute unconstitutionally deprived him of due process of law and equal protection of the laws under the Oregon and United States Constitutions in that it is void for vagueness.

■ We will consider defendant's contentions in re-

verse order, commencing with his attack on the constitutionality of the remand statute. The Oregon Supreme Court in *State v. Little,* 241 Or 557, 564, 407 P2d 627 (1965), *cert denied* 385 US 902 (1966), in discussing a challenge to the constitutionality of the Oregon statute said:

> "The defendant next contends that if the statute is applied literally to allow the remand in this case, then it violates the defendant's rights under the equal-protection and due-process clauses of the Fourteenth Amendment to the United States Constitution.
>
> "We are satisfied that no such basis exists for challenging the constitutionality of the statute. Prior to the enactment of the present juvenile law, a child could be remanded to the adult court at any age. The current version of the statute has taken away none of the child's common-law rights, and has given the child some new rights."

Further, it must be remembered that the remand proceeding is civil in nature, not criminal, and the principal consideration is whether the juvenile court process or the adult court process is better suited to protect the public and assist the individual involved. *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969), cited by defendant in support of his claim that the remand statute is constitutionally void for vagueness, was a criminal case involving the interpretation of the criminal statute defining the crime of contributing to the delinquency of a minor, and, as such, is doubtful authority for interpreting whether the criteria set forth in the remand statute meet constitutional standards. Moreover, since the juvenile court is not making an adjudicatory determination, there is less reason for applying the substantive due process requirements of the criminal law. See *State v. McMaster,* 4 Or App 112,

476 P2d 814 (1970), *reversed* 259 Or 291, 486 P2d 567 (1971).

The remand statute sets out the specific criteria for determining whether a juvenile should be remanded: the age of the child, the character of the offense and the effect of the retention of jurisdiction on both the interests of the child and the public. These standards are sufficient criteria to outline the boundaries for the exercise of the juvenile court's discretion.

The next consideration is defendant's claim that the remand order did not comply with the remand statute nor with the requirements of *Kent v. United States,* supra. *Kent v. United States* is interpreted to require the entry of specific findings of fact which will support its decision to remand a child to adult court. Oregon State Bar, Oregon Juvenile Law Handbook, Remand § 4.9 (1970). The remand statute itself provides that the court must make a finding not only that the child is above 16 years of age and is alleged to have committed a criminal offense, but also that "retaining jurisdiction will not serve the best interests of the child and the public." In the present case the court did not comply either with *Kent* or with the remand statute in this regard.

■ Defendant's other assignment is that no hearing, in fact, was held. Although the remand statute, ORS 419.533, does not specifically require a hearing on the question of remand, it has been interpreted by the Oregon Supreme Court in the light of *Kent,* supra, and *Gault*[1] to require a hearing. *Bouge v. Reed,* 254 Or 418, 459 P2d 869 (1969). No particular formalities are required for the hearing, but the moving party has

---

[1] In re Gault, 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967).

the burden of proving that the three requirements of the remand statute have been met. In this case the petitioner was the juvenile court counselor and no competent evidence was adduced at the "hearing" although the child, his parents, his attorney and the juvenile counselor were present pursuant to notice. The primary issue in the remand hearing is the prognosis for rehabilitation of the child if he is found to be within the jurisdiction of the juvenile court and subjected to the rehabilitative programs available to the juvenile court.[2]

■ In view of the failure of the hearing to meet

---

[2] A law review article on the subject is: Schornhorst, *The Waiver of Juvenile Court Jurisdiction: Kent Revisited*, 43 Ind LJ 583, 604-605 n 127 (1968).

Mentioned favorably in the article is a statute of the Texas Juvenile Act concerning factors which should be considered in making the remand determination. It reads, in part:

"* * * * *

"(g) After full investigation and hearing the juvenile court shall retain jurisdiction of the case unless it determines that, because of the seriousness of the offense or the background of the offender, the welfare of the community requires criminal proceedings.

"(h) In making the determination under Subsection (g) of this section, the court shall consider, among other matters:

"(1) whether the alleged offense was against person or property, with greater weight in favor of waiver given to offenses against the person;

"(2) whether the alleged offense was committed in an aggressive and premeditated manner;

"(3) whether there is evidence upon which a grand jury may be expected to return an indictment;

"(4) the sophistication and maturity of the child;

"(5) the record and previous history of the child;

"(6) the prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."

the findings requirements of the remand statute and to hold the hearing contemplated by *Kent,* and required by *Bouge v. Reed,* supra, the remand order is reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.