Argued November 30, 1971, reversed and remanded
January 14, 1972

IN THE MATTER OF STANDIFORD, MAURICE RAY, A CHILD

STATE EX REL JUVENILE DEPARTMENT
OF LANE COUNTY, *Respondent, v.*
STANDIFORD (No. 9406),
*Appellant.*
492 P2d 830

*Robert H. Fraser,* Eugene, argued the cause for

appellant. With him on the briefs were Luvaas, Cobb, Richards & Fraser, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

This is a consolidated appeal by the 17-year-old juvenile from two orders remanding him to adult court on petitions alleging that on two separate occasions he was a minor in possession of intoxicating liquor.

There are several assignments of error, but we find it necessary to deal with only one.

At the time of the remand hearing in the first case the deputy district attorney's argument included the statement that in four months the boy would be 18 and "* * * certainly at this point in four months' time there is nothing that can be gained in this [juvenile] court * * *." And in the second remand hearing, seven weeks later, the court gave as a principal reason for ordering remand that such short term juvenile court placement services as were available were impractical and "* * * that counseling services in the short duration before he is 18 would not be beneficial or constructive in that time * * *."

These hearings were held before the decision of this court in *State v. Weidner,* 6 Or App 317, 484 P2d 844 (1971), wherein it was pointed out that under ORS

419.507 and 419.531 the juvenile court may retain jurisdiction over a child until he reaches the age of 21.

Because the orders of remand in these two cases apparently were based upon the premise that the juvenile court lost jurisdiction when the child reached 18, the orders of remand are reversed and the cases are remanded for further proceedings consistent with *State v. Weidner,* supra, and *State v. Weidner,* 6 Or App 317, 487 P2d 1385 (1971). We do not hold that the court could not properly remand upon the facts of these cases. We reverse only because the remand orders were premised on the presumed loss of jurisdiction by the juvenile court when the child reached 18.

Reversed and remanded for further proceedings.