Argued March 21, affirmed April 11, reconsideration denied May 18,
petition for review denied June 14, 1977

## STATE OF OREGON, *Respondent,*
### v.
## JEROME STEVEN PORTER, *Appellant.*
## (No. C 76-06-07698 Cr, CA 7160)

562 P2d 566

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Richard M. Sandvik, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction following a trial to the court for burglary, ORS 164.225, and assigns as error the denial of his motions to transfer the proceedings to juvenile court and for a judgment of acquittal on the ground that the state's evidence failed to overcome a presumption of continuing insanity.

In 1973, defendant, aged 17, was declared to be a ward of the juvenile court for 80 years.[1] In June, 1976, defendant, then aged 20, was tried as an adult and convicted of burglary.

■ Defendant contends that under the terms of the 1973 order he was under the exclusive jurisdiction of the juvenile court and that he could not be tried in circuit court unless first remanded by the juvenile court. Defendant relies solely on *State v. Weidner,* 6 Or App 317, 484 P2d 844, 487 P2d 1385 (1971), where we held:

> "* * * Though the juvenile code is not explicit on this point, it appears that the intent of the framers of the code was that once a juvenile court has established jurisdiction over a child, the court must take affirmative action to dispose *of the case*—in one of the ways provided by statute—before jurisdiction can terminate. In any event, jurisdiction automatically terminates when the child reaches age 21. ORS 419.511 and 419.531." 6 Or App at 321. (Emphasis supplied.)[2]

Contrary to defendant's contentions, we believe *Weidner* holds that the juvenile court retains jurisdiction until the juvenile reaches the age of 21 only over the same matter which precipitated the juvenile's initially being made a ward of the court. If an

---

[1] Defendant does not challenge the duration of the wardship in this proceeding.

[2] ORS 419.531(5) provides:

"The court's wardship over a child brought before it continues until whichever of the following occurs first:

"* * * * *

"(5) The child becomes 21 years of age."

individual over the age of 18 is charged with committing a crime unrelated to an earlier juvenile matter, then the circuit court and not the juvenile court is the proper forum for proceedings against that individual. To hold otherwise would be to confer exclusive original jurisdiction upon the juvenile court to consider criminal charges involving persons over the age of 18— jurisdiction which the juvenile court has been statutorily denied. ORS 419.476(1).[3]

■ In 1975, defendant was found not guilty of a crime by reason of mental disease or defect. Defendant contends that as a matter of law the evidence below was insufficient to overcome the disputable presumption of continuing insanity. *State of Oregon v. Garver,* 190 Or 291, 225 P2d 771, 27 ALR2d 105 (1950); *see* ORS 41.360(32). Three police officers involved in the arrest of defendant testified that they noticed nothing abnormal about defendant's behavior or physical condition. Another police officer, who interviewed defendant shortly after the commission of the crime and who knew of defendant's prior commitment to Oregon State Hospital, testified that defendant seemed calm and in good composure, spoke slowly and clearly, and did not appear to be nervous. This evidence if believed by the trial judge—as it was—was sufficient to overcome the disputable presumption of continuing insanity. *See State v. Sands,* 10 Or App 438, 499 P2d 821, Sup Ct *review denied* (1972).

Affirmed.

---

[3] ORS 419.476(1) provides:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age * * *."