Argued and submitted October 15, affirmed December 5, 1984, reconsideration denied January 25, petition for review denied March 6, 1985 (298 Or 773)

In the Matter of the Compensation of
Tracey Wagoner, Claimant.

## U. S. NATIONAL BANK,
*Petitioner,*

*v.*

## WAGONER,
*Respondent.*

(82-05274; CA A30780)

692 P2d 149

R. Kenney Roberts, Portland, argued the cause for petitioner. On the brief were Jerald P. Keene, and Roberts, Reinisch & Klor, P.C., Portland.

Elliott Lynn, Beaverton, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Warren, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant suffered a back injury in 1980. Her employer[1] accepted her worker's compensation claim, and a determination order was issued on June 9, 1982. On November 8, 1982, employer issued a "backup denial," purporting to revoke the acceptance of the claim on the basis of employer's subsequent conclusion that the injury was not work-related. The referee affirmed the denial. The Workers' Compensation Board reversed, and employer appeals. We affirm.

In *Frasure v. Agripac,* 290 Or 99, 619 P2d 274 (1980), the Supreme Court held that, at least under some circumstances, the Oregon Workers' Compensation statutes permit employers and insurers to deny previously accepted claims. After the denial of the claim in this case, but before the Board's decision, the Supreme Court held in *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), that, except under circumstances not material here, post-acceptance denials are not permitted by the applicable statutes. Although *Bauman* did not overtly overrule *Frasure,* the court did say in *Bauman* that "[w]e must retreat slightly from what we said in *Frasure.*" 295 Or at 792. Whatever precise effect *Bauman* may have on the authoritative status of *Frasure,* it is clear that the denial of the claim here would be impermissible under *Bauman* and would be permissible under *Frasure.*[2] The issue in this appeal is whether *Bauman* applies retroactively.

■ On a number of occasions, the Oregon Supreme Court has given only prospective effect to decisions that changed procedural requirements or that overruled earlier decisions. *See Falk v. Amsberry,* 290 Or 839, 846-47, 626 P2d 362 (1981), and cases cited there; *Linn County v. Rozelle,* 177 Or 245, 283, 162 P2d 150 (1945). The refusal to apply a new procedural requirement retroactively can be announced in a decision other than the one that creates the new requirement. *See Holder v. Petty,* 267 Or 94, 514 P2d 1105 (1973).

There is some question about whether a decision that

---

[1] Employer is the named petitioner in this court. Although employer's carrier has been involved in some of the relevant events, we use only the term "employer" for simplicity of reference.

[2] The word "permissible," as we use it here, relates to the legal authority to issue a denial and not to the correctness of employer's position on the compensability issue.

overrules a previous interpretation of a *statute can* be non-retroactive. Board member Barnes stated in his opinion concurring with the order below that, "[t]o the extent that the statutes have always said the same thing, application of the *Bauman* interpretation of those statutes in this case is hardly 'retroactive' in the same sense" as in other contexts where courts have declined to apply decisions retroactively. No Oregon appellate court opinion we have found or the parties cite has decided whether courts *can* refuse to apply a decision retroactively that changes a previous construction of a statute.[3] For the purposes of this case, we assume that the answer is yes.

■       It appears to be clear that, unless constitutional or vested rights are involved, courts are seldom if ever *required* to give only prospective effect to their decisions. *See* Annot., 10 ALR3d 1371, § 6 (1966). Employer does not argue here that *Bauman cannot* lawfully be applied retroactively.

■       We find no express Oregon holding that a lower court or tribunal has or does not have authority to decide whether a higher court's opinions are to be applied retroactively or prospectively. However, the question has been implicitly answered by opinions of the Oregon Supreme Court in which it has decided whether United States Supreme Court decisions should apply retroactively. *See State v. Evans*, 258 Or 437, 483 P2d 1300 (1971). We see no reason why the question of retroactive operation should not come within the general principle that lower courts or tribunals have authority to decide all questions of law that higher courts have not decided.

The principal consideration that has motivated

---

[3] Authority from outside the state is divided. It is stated at 21 CJS 326-27, Courts, § 194 (1940):

"* * * [I]n accordance with the rule * * * that a judicial construction of a statute relates back and constitutes a part of the statute, a decision reversing or overruling a prior decision as to the construction of a statute is generally retrospective in its operation and relates back to the enactment of the statute, or to the date of the overruled decision. * * *" (Footnotes omitted.)

However, 20 Am Jur 2d 562-63, Courts, § 234 (1965) says:

"The overruling of a judicial construction of a statute will not be given retroactive effect. Such a decision will be limited to the effect ordinarily inherent in a legislative change of a statutory rule, that is, merely prospective effect. * * *" (Footnote omitted.)

courts to make "overruling" decisions nonretroactive is the prevention of "detriment [to] litigants who have justifiably relied on the overruled precedent." *Falk v. Amsberry, supra,* 290 Or at 846; *see also* Annot., *supra,* 10 ALR 3d at 1371 (1966). Employer argues in this case that *Bauman* should not be given retroactive application because employers and insurers have relied on *Frasure.*[4] Employer states:

> "* * * [I]t is not the issuance of [backup] denials that have prejudiced the carriers, *it was the acceptance of claims and the initiation of benefits in reliance on the fact denials could issue if subsequent investigation suggested they were appropriate.*

> "* * * Board Member Barnes states in his concurring opinion that such acceptances number in the 'thousands.' To this must be added the cases awaiting hearing on back up denials issued before *Bauman* was decided. By any measure, those cases represent substantial objective evidence [of] justifiable reliance upon the pre-*Bauman* state of the law of claims processing.

> "With regard to the cases upon which appeals are possible or pending, there is further prejudice. As stated above, had the employer/carriers known the standards to be applied to their denials, *i.e.* fraud, misrepresentation or other illegal activity, they might have garnered and presented evidence of those issues to the hearings Referees. * * *" (Emphasis employer's.)

Although employer makes no analytical distinction between them, there are two facets to its argument: First, that *Bauman* should not apply to *acceptances* of claims that were issued between the dates of the *Frasure* and *Bauman* decisions, because the acceptances were made when backup denials were regarded as permissible; and, second, that *Bauman* should not apply to *backup denials* that were in fact issued while *Frasure,* unmodified by *Bauman,* was the law.

Employer's argument as it relates to pre-*Bauman* *acceptances* is simply untenable. The effect of the argument would be to leave *all* acceptances of worker's compensation claims made over a three-year period subject to revocation

---

[4] Although employer points to considerations in addition to reliance, *e.g.,* "hardship," "fairness and feasibility," we understand those other considerations to be synonymous with or consequences of the reliance employer argues was placed on *Frasure.* Courts have considered factors other than reliance, such as effects on the administration of justice, in making the choice between retroactive and prospective operation. *See, generally,* Annot., *supra,* 10 ALR 3d, § 5. Employer does not rely on factors of that kind here, nor would it be assisted by them.

throughout the lives of the injured workers and, in some instances, the lives of their eligible survivors. The court said in *Bauman:*

> "The insurer or self-insured employer is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding pattern and then, as an afterthought, decide to litigate the issue of compensability. We need not list all of the possible ramifications of such conduct but it is readily evident that problems involving lapsed memories, missing witnesses, missing medical reports, and a host of other difficulties would arise from the delayed litigation of the compensability of a claim." 295 Or at 794.

*Bauman* did not change the law pertaining to acceptances of claims. It changed the law pertaining to backup denials. It may be true, as employer postulates, that some claims were accepted in reliance on *Frasure's* holding that they could later be denied. However, there are many other reasons why an employer or insurer might have accepted an unmeritorious claim during the period between the *Frasure* and *Bauman* decisions *and why an employer or insurer might do so now.* For example, as Board member Barnes indicated in his concurring opinion, the cost of investigating some claims is less than the cost of the benefits they entail, although later events might cause the benefits to escalate. The relationship between *Frasure* and decisions to accept claims while *Frasure* was extant was far too uncertain in general and tenuous in particular instances to warrant the continued application of *Frasure* to all claims that were accepted between the time it was decided and the time of the decision in *Bauman.* Whatever justifiable reliance employers and insurers might have placed on *Frasure* in connection with their acceptance of claims is far outweighed by the rights of injured workers to, and the interest of the adjudicatory system in, the finality of acceptances that had not been subjected to backup denials before *Bauman* was decided.

■    Whether *Bauman* should apply retroactively to backup denials that *had* been issued before it was decided is a closer question,[5] but the answer and the essential reasoning

---

[5] There is some question in our minds about whether "retroactivity" is a helpful label or concept in connection with proceedings, like this one, which were in progress at the time *Bauman* was decided. There is no doubt that, if claimant had raised the

are the same. A retroactive application of *Bauman* to such backup denials can have the detrimental effects on employers and insurers that employer identifies in its argument; however, the converse is also true. If *Bauman* is not given retroactive effect, claimants would face obstacles to their ability to prove compensability that result from the passage of time between an acceptance and a backup denial. As noted above, the elimination of those obstacles was one of the express purposes of *Bauman.* The author states in the previously cited annotation that one consideration that bears on whether a decision should apply retroactively "is the purpose of the [new] rule, and if the purpose of the new rule can be adequately effectuated without applying it retroactively." *See* Annot., *supra,* 10 ALR 3d at 1390. The essential purpose of *Bauman* was to restore to claimants the statutory rights that *Frasure* mistakenly took away. That purpose is as applicable to persons whose claims were acepted between the dates of the two decisions as to those whose claims were accepted after *Bauman.* We conclude that the reliance employers and insurers may have placed on *Frasure* is an insufficient basis upon which to deprive claimants of the protection against backup denials that the court in *Bauman* held the workers' compensation statutes provide.

Affirmed.

---

issue in the proceedings below that the claimant in *Bauman* raised, she would have been entitled to prevail by virtue of the Supreme Court's disposition of the issue during the course of the proceedings. *See State ex rel Juv. Dept. v. Farrell,* 58 Or App 258, 261-62, 648 P2d 401, *rev den* 293 Or 521 (1982), *cert den* 460 US 1087 (1983). Whether or not claimant did raise the issue below, employer does not argue now that she cannot rely on *Bauman* because she did not raise the issue.