Argued May 19, affirmed June 6, former opinion adhered to and reconsideration denied July 18 (30 Or App 127, 566 P2d 207), petition for review denied September 27, 1977

In the Matter of Phil Edward Lerma, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF KLAMATH COUNTY, *Respondent,*

*v.*

LERMA, *Appellant.*

(No. 422-76, CA 7660)

564 P2d 1100

Michael D. Henry, Klamath Falls, argued the cause for appellant. With him on the brief was Douglas V. Osborne, Klamath Falls.

Karen H. Green, certified law student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

■ This is an appeal from an order of the juvenile court remanding the child to adult court. Our review is de novo. *State ex rel Juv. Dept. v. Slack,* 17 Or App 57, 520 P2d 905, Sup Ct *review denied* (1974).

The child maintains that remand was improper on the facts of this case and that due process requires a finding of probable cause that the child committed the alleged offense prior to remand, a finding not made by the juvenile court.

The juvenile court remanded the child pursuant to ORS 419.533(1), which provides:

"(1) A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older;

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court."

The child is over 17 years of age, has a history of juvenile referrals and is alleged to have committed murder. Since January of 1973, he has been referred to juvenile authorities at various intervals for petty theft, joyriding, burglary, criminal activity in drugs and murder. While at MacLaren School for Boys pending the remand hearing, the child has been particularly troublesome. At one point he counseled another juvenile on the methodology of murder. There is uncontroverted psychiatric evidence that, as the trial court found,

"The child is in need of psychiatric or equivalent counseling in an institution for a minimum of two to three years and quite feasibly will need such intensive

counseling for five years and definitely is in need of supervision for a much longer period of time after that."

■ The child argues that the burden of proof on juvenile remand should be "substantial evidence." Since the standard of proof generally in juvenile proceedings is "preponderance of competent evidence" except in adjudicative phase, *see,* ORS 419.500(1), a remand proceeding is not criminal in nature, *State v. Weidner,* 6 Or App 317, 484 P2d 844, 487 P2d 1385 (1971), is not adjudicatory but dispositional, *State ex rel Juv. Dept. v. Johnson,* 11 Or App 313, 501 P2d 1011 (1972), Sup Ct *review denied* (1973), and proof beyond a reasonable doubt standard is not required in a dispositional hearing, *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), we hold that the burden of proof on the moving party is to establish by a preponderance of the evidence that the three requirements of the remand statute have been met. *See, State v. Weidner, supra.* The evidence supporting remand in this case preponderates.

■ The child's contention that the court must find that there was probable cause that the juvenile committed the crime alleged was decided adversely to his position in *State ex rel Juv. Dept. v. Johnson, supra.*

Affirmed.