The municipal court convictions are also affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, IN THE INTEREST OF L. C., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 18, 1982—Decided June 3, 1982.

Before Judges FRITZ, ARD and TRAUTWEIN.

*John M. Apicella*, Assistant Deputy Public Defender, argued the cause for appellant (*Stanley C. Van Ness*, Public Defender, attorney).

*Debra L. Stone*, Deputy Attorney General argued the cause for respondent (*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

FRITZ, P. J. A. D.

This is an appeal by a juvenile from the discretionary determination by a judge of the Juvenile and Domestic Relations Court granting the motion of the State to transfer jurisdiction to the Superior Court pursuant to *N.J.S.A.* 2A:4–48. It would appear from the comments of the trial judge that he misconceived the applicable law and so we vacate the order of transfer and remand for further proceedings.

This heinous murder for profit, committed by this juvenile in an "aggressive, a violent, willful manner" when he was 16½ years of age, was described in articulated findings. The trial judge also pointed out that while the Patient Director of Youth Services in Atlantic County, produced for testimony by the juvenile, said "he [the juvenile] could benefit from the short PIE [Program of Intensive Education] Program," "he never said that this juvenile could be rehabilitated." As a consequence of these and other findings, the judge concluded, "I find that there has been nothing shown to me which would indicate that L. C. could be rehabilitated within the jurisdiction of the Juvenile Justice System."

Passing for the moment the question of which party has the burden of proof in a waiver hearing such as this—a matter noted by counsel for the juvenile below and argued before us—we first deal with the rehabilitation question among the several standards whereby the judge of the Juvenile Court is guided in the exercise of his discretion. While "the judicial decision for waiver is largely discretionary [and] is motivated basically by the seriousness of the offense," *State v. Lueder,* 74 *N.J.* 62, 78 (1977), the question is not one of the presence of affirmative proof that the juvenile can be rehabilitated within the jurisdiction of the Juvenile Court. Rather, the question is resolved by an ascertainment that "there are no reasonable prospects for rehabilitation of the juvenile prior to his attaining the age of majority." *N.J.S.A.* 2A:4–48c. In other words, the absence of persuasive proof in either direction on the bare and isolated rehabilitation question[1] supports no valid conclusion with respect to the statute. It is only the presence of satisfactory proof that there are no reasonable prospects for rehabilitation before majority which will justify a waiver, assuming the other statutory criteria are met. While this is somewhat related to

---

[1]For considerations respecting the interrelationship among deterrence, punishment and rehabilitation under this statute, see *State in the Interest of C. A. H. and B. A. R.,* 89 *N.J.* 326 (1982).

the matter of burden of proof, about which more is said below, and it is this relationship which disturbs the juvenile in this case, the fact that apparently the trial judge did not understand this proposition by itself justifies a reversal and remand in this matter.

■ Since the matter must be returned, we add the following respecting the burden of proof. Inasmuch as the ordinarily anticipated situation is one of nonwaiver and waiver and transfer may be ordered only under a determination of certain fixed standards, *N.J.S.A.* 2A:4–48, we are satisfied that the State must bear the burden of proof respecting the propriety of transfer under the statute. This holding may be easily derived from the contrary situation in *State in Interest of B. C. L.,* 82 *N.J.* 362 (1980). There the court, at 377, held that in the matter of disclosure of the name of a juvenile, "[s]ince the Legislature intended disclosure to be the rule and not the exception, the juvenile must demonstrate a substantial likelihood of specific harm to constitute a showing of 'good cause.'" In a like manner, we say here that since the Legislature intended nonwaiver to be the rule and not the exception, the State must demonstrate the elements necessary to undergird a proper waiver.

Such a rule finds considerable support in other jurisdictions which have reached the same result. *In the Matter of F. S.,* 586 *P.2d* 607 (Alaska Sup.Ct.1978), overruled in part on other grounds *State v. F. L. A.,* 608 *P.2d* 12 (Alaska Sup.Ct.1980); *People v. Taylor,* 76 *Ill.2d* 289, 29 *Ill.Dec.* 103, 391 *N.E.2d* 366 (Sup.Ct.1979); *Imel v. State,* 168 *Ind.App.* 384, 342 *N.E.2d* 897 (Ct.App.1976); *In the Matter of G. D. C.,* 581 *P.2d* 908 (Okla.Cr. App.1978); *In the Matter of Lerma,* 29 *Or.App.* 713, 564 *P.2d* 1100 (Ct.App.1977), reconsideration denied 30 *Or.App.* 127, 566 *P. 2d* 207 (Ct.App.1977).

■ With respect to that which must be done by the State in order to sustain this burden of proof, we are of the opinion that the traditional statements of the burden, such as substantial

evidence, preponderance of the proof, clear and convincing evidence and beyond a reasonable doubt, are inappropriate in the context of a juvenile transfer hearing in which a fine balancing of many considerations is required. In this latter respect we have heretofore observed that, "the court, in an appropriate case, may consider that deterrence and punishment may be more salutary than the slight possibility of successful rehabilitation both from the viewpoint of the juvenile and his future potential victims." *State in Interest of B. T.*, 145 *N.J.Super.* 268, 278 (App.Div.1976), certif. den. 73 *N.J.* 49 (1977). We emphasized the necessity for this balancing in *State in Interest of J. F.*, 141 *N.J.Super.* 328 (App.Div.1976), where we said (at 332), "If there is a possibility of rehabilitation and the undertaking to that end does not conflict with the required protection of society, and there is no other persuasive reason for taking some other course, then rehabilitation under the continued protection of the Juvenile Court may be considered." Among other reasons justifying these expressions, apparently this balancing comports with the legislative intent, for the statute itself combines in a single subsection concerns for the "adequate protection of the public" and the "reasonable prospects for rehabilitation of the juvenile." *N.J.S.A.* 2A:4–48c. This fact received attention when most recently the Supreme Court removed any doubt respecting the essentiality of such a balancing process in the waiver determination and the reasons for it including the legislative will. *State in the Interest of C. A. H. and B. A. R., supra* at n.1. The opinion in that matter emphasizes throughout the importance of the element of judicial discretion in the determination, specifically iterating the rule excusing the trial judge from giving controlling effect to expert testimony (*id.*, 89 *N.J.* at 343) and eschewing opinion evidence as "a substitute for the court's ultimate, highly discretionary decision, reached through an application of all of the statutory criteria to all of the relevant evidence." (*Id.* at 343–344 n.5.)

Accordingly, we prefer the canon adopted by the Supreme Court of Illinois in *People v. Taylor, supra,* 391 *N.E.2d* at 372,

and hold that the State need only present evidence sufficient to persuade the trial court, in the sound exercise of its discretion, that in the light of the statutorily prescribed criteria transfer is warranted.

Obviously, this remand is not to be deemed an expression on the merits nor an implicit suggestion that the trial judge was wrong. In this respect the parties and the trial judge particularly now have additional and substantial guidance from *C. A. H. and B. A. R., supra*, especially relating to the matter of rehabilitation.

We reverse and vacate the order of transfer heretofore entered. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.