Argued and submitted March 3, reversed and remanded May 12, 1993

In the Matter of
Askia Tyrell Geigle, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MARION COUNTY,
*Respondent,*

*v.*

Askia Tyrell GEIGLE,
*Appellant.*

(92J0328; CA A75531)

852 P2d 225

R. Brooke Holstedt, Salem, argued the cause and filed the brief for appellant.

John Payne, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General.

Before Deits, Presiding Judge, and Riggs and De Muniz, Judges.

RIGGS, J.

**RIGGS, J.**

Child appeals an order remanding him to adult court. We reverse and remand.

One evening, when child was age 15, he consumed approximately 60 ounces of beer, smoked marijuana and then shoplifted three bottles of Thunderbird wine. The store clerk followed child into the parking lot and child pulled out a gun. He told the clerk to "get back into the store or I'll kill you." Child was arrested and charged with second-degree criminal trespass, giving false information to a police officer, first degree robbery, unlawful use of a firearm, pointing a firearm at another and menacing.

The state requested that child be remanded to adult court on the charge of first degree robbery. The referee requested a remand study and a psychological evaluation. The psychologist found that child had a "gang mentality" and might not voluntarily participate in treatment programs at the MacLaren School for Boys if sent there under jurisdiction of the juvenile court. He recommended that child be remanded so that, when he was placed at the MacLaren School, he would have a strong incentive to participate in treatment and, thus, avoid transfer to adult prison. The remand study agreed with the reasoning of the psychological evaluation and also recommended remand.

The remand hearing was held on child's 16th birthday. The juvenile court found that child has the ability but not the motivation to participate in treatment, that previous treatment efforts were insufficient and ineffective, that the offense was premeditated and aggressive, and that child's conduct has escalated in seriousness. The court remanded child to the circuit court for disposition as an adult.

■ We review *de novo*. *State ex rel Juv. Dept. v. Fox*, 51 Or App 257, 261, 625 P2d 163 (1981). We find the following facts. Child has no criminal adjudications in his record and has only a few relatively minor uncharged incidents in his history. He has had virtually no opportunity for counselling. He is intelligent and has no psychological problems. He admits the robbery. He is probably not a gang member, though he has had past involvement with gangs. During an almost two-year period when child lived with a family friend

in a stable environment, child did well in school and stayed out of trouble. After his removal from this stable environment his behavior deteriorated.

On appeal, the state has the burden of proving, by a preponderance of the evidence, that remand would serve the best interests of society and the child. ORS 419.533(1)(d); *State ex rel Juv. Dept. v. Lerma*, 29 Or App 713, 716, 564 P2d 1100, *rev den* 280 Or 1 (1977). The factors used to decide whether remand would best serve those interests are found at ORS 419.533(1)(d).[1]

■■  We reject the state's argument that child is not amenable to treatment in juvenile facilities without remand. ORS 419.533(1)(d)(A). A child's age is a factor in determining amenability to treatment; the younger the child is, the more time the juvenile facility will have to provide treatment. *State ex rel Juv. Dept v. Kent*, 31 Or App 1219, 1228, 572 P2d 1059 (1977), *rev den* 282 Or 1 (1978). Child is 16; he could stay at MacLaren until he turns 21, if necessary. In the adult system, child could be released in as few as 28.8 months, if he is given good-time credits. Child's caseworker testified that some treatment options that child needs, such as gang-risk therapy and minority youth counseling, are not available in prison.

___

[1] ORS 419.533(1) provides, in pertinent part:

"The juvenile court * * * may remand a child * * * for prosecution as an adult if:

"* * * * *

"(d) The juvenile court, after considering the following criteria, determines by a preponderance of the evidence that retaining jurisdiction will not serve the best interests of the child and of society and therefore is not justified:

"(A) The amenability of the child to treatment and rehabilitation available to the juvenile court and to the criminal court and to the criminal court which would have jurisdiction after transfer;

"(B) The protection required by the community, given the seriousness of the crime alleged;

"(C) The aggressive, violent and premeditated or willful manner in which the offense was alleged to have been committed;

"(D) The previous history of the child, including:

"(i)  Prior treatment efforts and out-of-home placements; and

"(ii) The physical, emotional and mental health of the child;

"(E) The child's prior record of acts that would be crimes if committed by an adult[.]"

His intelligence, admission of the crime and lack of psychological problems also suggest that child is treatable in a juvenile facility. The state has not shown that the threat of transfer to adult prison will enhance child's chances for rehabilitation.

The circumstances concerning the crime, particularly premeditation, are another consideration. ORS 419.533(1)(d)(C). Although the store clerk was not physically injured, the crime was serious. At least child's possession of the gun must be deemed to be premediated, which weighs in favor of remand. Beyond the choice to carry the gun, child's actions are best characterized as impulsive.

Child's previous history is a consideration under ORS 419.533(1)(d)(D). Child has no history of failing to take advantage of treatment. ORS 419.533(1)(d)(D)(i). His prior history of delinquency is minor. ORS 419.533(1)(d)(E).

The psychologist testified that remanded children are evaluated for 2-3 weeks at MacLaren, after which 80 percent are sent to adult prison because their prognosis for treatment is considered unsatisfactory. If remanded, child would have to show rapid progress or face incarceration with adults in a facility with far fewer treatment options than MacLaren.

Viewing the evidence as a whole, we hold that the state has not shown that remanding child would serve the best interests of child and society.

Reversed and remanded.