On appellant's motion for leave to proceed in forma pauperis filed April 10, motion denied May 30, reconsideration denied July 12, petition for review denied October 24, 1978

In the Matter of the Marriage of
ROBERTS, *Respondent,*
*and*
ROBERTS, *Appellant.*
(No. 422139, CA 10695)
579 P2d 862

David K. Young, Judge Pro Tempore.

Robert M. Atkinson, Portland, for the motion.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

SCHWAB, C. J.

[ 507 ]

**SCHWAB, C. J.**

The appellant in this domestic relations matter has moved under ORS 21.605(2) for an order:

"* * * * *

"4. Ordering the State Court Administrator to pay the costs of preparing the record and transcript on this appeal."

Prior to 1977, ORS 21.605 read in pertinent part:

"(1) A circuit, district or justice's court, the Court of Appeals and the Supreme Court, upon application of a party thereto, shall waive all filing fees, service fees and court costs applicable to the particular suit or proceeding if the court finds that the party is unable to pay such fees and costs. Nothing in this section shall prevent the court having jurisdiction over the case from ordering either party to pay such fees and costs. No filing fee shall be required for the application of waiver of such fees and costs."

The 1977 Legislative Assembly amended ORS 21.605 by adding section (2):

"(2) If the fees or costs for a party to a civil case are waived under subsection (1) of this section, the court may also order that the expense of preparing the record and transcript on appeal be paid by the State Court Administrator and the same shall be paid when authorized by the State Court Administrator. * * *"

We interpret subsection (2) as granting to the court in which an appeal is pending the discretionary power to order that the State Court Administrator pay out of public funds, fees to a court reporter preparing a transcript of testimony in the amount prescribed by ORS 21.470.

The legislature made no appropriation of funds which contemplates their use for this purpose.[1] Therefore, if we presently grant such motions the costs will be charged against the funds appropriated for the operation of this court or those appropriated for the

---

[1] It may have been misled by less than adequate financial impact information provided by nonlegislative sources.

operation of the Supreme Court, the State Court Administrator's operating funds being included in a single larger appropriation for the Supreme Court. The financial impact of giving effect to this statutory provision in any reasonable manner is beyond our ability to predict precisely, but it might very well be so substantial as to make it difficult, if not impossible, to operate the appellate court system with the funds presently appropriated for that purpose. In the absence of any indication that the legislature intended to fund requirements for implementation, we assume it intended that until such time as it made the necessary funds available we exercise our discretion by denying such motions.

Motion denied.