OREGON ELECTRIC SIGN
ASSOCIATION, INC.,
*Appellant,*

*v.*

BEAVERTON,
*Respondent.*

(No. 43-703, CA A24758)

654 P2d 1149

Gary E. Rhoades, Portland, filed the brief for appellant.

Eleanore S. Baxendale, Assistant City Attorney, Beaverton, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff filed this proceeding for declaratory and injunctive relief, alleging that defendant's sign control ordinance is unconstitutional and that defendant's ordinance purported to:

"1. Adopt zoning or other land use ordinances without compliance with LCDC Statewide Goals 2 and 9, and in violation of ORS 197.250;

"2. Adopt zoning or other land use ordinances without findings addressing the Comprehensive Plan and LCDC Statewide Goals;

"3. Adopt zoning or other land use ordinances which are not supported by Comprehensive Plan provisions;

"* * * * *"

Defendant moved to dismiss the complaint on the ground that, on its face, it presents a land use question, which is within the exclusive jurisdiction of the Land Use Board of Appeals, and therefore that the circuit court did not have jurisdiction. The motion was granted on that ground, and plaintiff's complaint was dismissed.

Simultaneously with the filing of this proceeding, plaintiff filed a Notice of Intent to Appeal with LUBA, and LUBA has noted that on the face of the record it has jurisdiction. It is clear from the face of the complaint here that plaintiff has alleged a "land use decision" within the statutory definition of that term:

"(10) 'Land use decision' means:

"(a) A final decision or determination made by a local government or special district that concerns the adoption, amendment or application of:

"(A) The goals;

"(B) A comprehensive plan provision; or

"(C) A land use regulation; or

"(b) A final decision or determination of a state agency other than the commission with respect to which the agency is required to apply the goals." ORS 197.015(10).

LUBA has exclusive jurisdiction over "land use decisions." Or Laws 1979, ch 772, § 4(1). By the terms of section 4(7)

of that Act, review is confined to the record, but LUBA has authority:

"* * * In the case of disputed allegations of unconstitutionality of the decision, standing, ex-parte contacts or other procedural irregularities not shown in the record which, if proved, would warrant reversal or remand, the board may take evidence and make findings of fact on those allegations. * * *"

Section 5(4)(a)(E) of the Act provides that LUBA shall reverse or remand the land use decision if, among other things, the city made a decision that was unconstitutional.

It is apparent that the legislature intended LUBA to have exclusive jurisdiction, subject to judicial review, of all land use decisions. If LUBA decides that the sign control ordinance here is not a land use decision, presumably it will dismiss the proceedings, because it has no authority to decide the constitutionality of an ordinance that is not a land use decision. Plaintiff apparently seeks a determination from us on this appeal whether the ordinance is a land use decision in order to avoid multiple litigation. That issue, however, is not before us.

Plaintiff's dilemma is partly of its own making; it has asserted the same claims in this proceeding and in the one before LUBA. Whether the sign control ordinance is or is not a land use decision, plaintiff's complaint, on its face, asserts that it is. Accordingly, the circuit court did not have jurisdiction and properly dismissed plaintiff's complaint.

Affirmed.