Argued and submitted February 28, reversed and remanded October 5, reconsideration denied November 25, petition for review allowed December 20, 1983 (296 Or 236)
See 297 Or 138, 681 P2d 790 (1984)

## MEDFORD ASSEMBLY OF GOD,
*Petitioner,*

*v.*

## CITY OF MEDFORD,
*Respondent,*

(82-010; CA A25498)

669 P2d 1161

Karen C. Allen, Medford, argued the cause for petitioner. With her on the brief was Foster & Purdy, Medford.

William J. Scheiderich, Medford, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., specially concurring.

Rossman, J., specially concurring.

**WARREN, J.**

On January 21, 1981, the Medford city council adopted a resolution determining that its zoning ordinance required petitioner to obtain a conditional use permit to operate its elementary school on church premises and that petitioner had no vested right to continue the use. Petitioner appealed that decision to the Land Use Board of Appeals (LUBA). LUBA determined that the decision was not a land use decision under ORS 197.015(10), because it was only advice to the applicant, and dismissed petitioner's appeal for lack of jurisdiction.

The sole issue on appeal to this court is whether LUBA has jurisdiction to decide petitioner's appeal. For the reasons set out in *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365 (1983), we hold that the city council's action determining that petitioner has no vested right was a land use decision under ORS 197.015(10). *See also Ore. Elec. Sign Ass'n. Inc. v. Beaverton,* 60 Or App 518, 654 P2d 1149 (1982). LUBA has exclusive jurisdiction over "land use decisions of a local government." Or Laws 1979, ch 772, § 4(1).

Reversed and remanded.

**BUTTLER, P. J.,** specially concurring.

I concur with the disposition of this case only because this court's decision in *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365 (1983), for which a petition for review has been filed, requires a consistent result here. *Forman* was decided *in banc* by a six to four majority; I adhere to the views expressed in the dissents.

Here, petitioner sought review by LUBA of a "resolution" adopted by respondent. In dismissing the proceeding, LUBA stated:

> "We agree that Resolution 4541 is not a land use decision but for somewhat different reasons than those advanced by the respondent. Resolution 4541 does nothing except declare what the city understands to be the meaning of terms in its own ordinance. Resolution 4541 does not deny or in any way affect application for a building permit or any other permit to construct, maintain or operate a school or any other use in the R-4 zone. It is advice to the applicant that if it wishes to continue operation of its school, it must apply for and receive a

conditional use permit from the city. If the applicant refuses, the city can seek to enjoin continued use of the school in circuit court. The city, however, would have to prove in circuit court that the use was in violation of the zoning ordinance. The city's own determination the use was in violation of the ordinance would be of no effect. In this sense the determination is much like a city's determination that a person has a vested right. Once challenged, the city's determination means nothing. It has no force except that it provides guidance to the city in how to proceed. * * * The city's determination in this case about the church's use of the property for school purposes only provides guidance to the applicant as to what the city expects from the applicant. The determination may also provide guidance to the city in what action to take should the church not apply for a conditional use permit or cease operation of a school on the property. Determinations such as this which merely provide advice but do not in any of themselves affect the use of land are not land use decisions within the meaning of ORS 197.015(10)." (Footnotes omitted.)

In *Forman,* the petitioners sought declaratory relief in the circuit court following the county commissioners' adoption of a similar resolution. We affirmed the trial court's dismissal on the ground that the review of the county's resolution dealing with the question whether a preexisting nonconforming use gave the petitioners a vested property right is within the exclusive jurisidiction of LUBA.

Although I think LUBA was right here, both for the reasons it gave and for those stated in the *Forman* dissenting opinions, *Forman,* at least for the present, states the law.

**ROSSMAN, J.,** specially concurring.

As pointed out by Judge Buttler, the result in this case is mandated by this court's recent decision in *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365 (1983). Therefore, I must concur. However, for the same reasons I dissented in *Forman,* I feel compelled to express my reservations concerning the course this court is taking. I remain true to my conviction that the primary jurisdiction to determine the existence of vested property rights should and does remain in the circuit courts of this state. The majority of this court believes that the legislature, in its creation of LUBA, has somehow suddenly

divested the circuit court of its time-honored role and conferred this jurisdiction on local governments. The legislation simply does not have that effect. The creation of LUBA establishes a forum for the *review* of certain local government decisions. Nothing is said in that legislation about expanding the authority of local governments. Such authority is untouched and must therefore remain the same as it was when local governments were concededly powerless to determine the existence of a nonconforming use. It follows that, if a local government lacks authority to make a decision, there is no decision for LUBA to review. LUBA recognized this when it correctly characterized the situation in this case as involving a vested right, and accordingly dismissed the proceeding in the belief that circuit courts had primary jurisdiction. While I agree with LUBA's decision for the reasons stated in the *Forman* dissenting opinions, I realize we are currently bound by the majority's holding.