Julian ABRAM et al *v.* CITY OF FAYETTEVILLE, Arkansas

83-183                                                661 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered December 5, 1983
[Rehearing denied January 9, 1984.]

*Jones & Segers,* by: *Joseph Wm. Segers, Jr.,* for appellants.

*James N. McCord,* City Atty., for appellee.

ROBERT H. DUDLEY, Justice. The issue on appeal is

whether either the Free Exercise Clause of the First Amendment or the Religious Liberty Section of the Constitution of Arkansas, or both, authorize a church to operate a parochial school in defiance of a municipal zoning ordinance. The trial court held that the ordinance does not violate the church members' liberty. We affirm. Jurisdiction to decide this constitutional issue is in the Supreme Court. Rule 29 (1) (a).

On April 25, 1980, the appellant, the Mission Boulevard Baptist Church, submitted its application for a conditional use permit to authorize the construction of a church on its property, which is located in a R-1, or single family residential, zoning district. On May 12, 1980, the Fayetteville Planning Commission granted appellant church a conditional use permit for the operation of a church. Under the language of the ordinance, both a church and a school are conditional uses in a R-1 district and both must be approved by the planning commission. On May 22, 1980, the city planning administrator, by letter, advised the pastor of appellant church that uses such as kindergarten, nursery school, or grade school had not been approved by the commission and that such uses would require the approval of the planning commission. The building permits issued to appellant each stated: "This is to certify that a building permit is issued for erecting a church . . . " and ". . . not approved for use as a parochial school." The appellant church has not applied for a conditional use permit to construct a school and has not sought approval for the operation of a school.

In September, 1981, appellant opened a school which the trial court found to be "nothing more or less than a school of general curriculum, conducted and taught on a regular hourly and daily basis, comparable in all respects to the public schools." The trial court enjoined appellants from operating a parochial school on the property unless a conditional use permit was obtained from the planning commission.

The appellants contend that the First Amendment to the Constitution of the United States and Article Two,

Section Twenty-four, of the Constitution of Arkansas guarantee the right to operate a parochial school as a tenet of religious belief regardless of zoning restrictions. They argue that a parochial school is an integral and inseparable part of the function of a church, and it is not within the province of a municipality to determine the substance of religious activity.

We do not find it necessary to give a complete definition of the word "church." We decide only that "church" in a zoning ordinance connotes its usual and ordinary meaning in light of the entire ordinance and its purposes. The ordinance clearly manifests the city's legislative decision to use different criteria when considering an application for a conditional use permit for a church than when considering such a permit for a school. The ordinance is intended as a land use regulation and the distinction between churches and schools is valid. A school, operating from 8:30 a.m. to 3:15 p.m. each week day, is a more intensive use of land than a church. There is no constitutional prohibition against different requirements for different uses.

The appellants' argument ignores the very real distinction between an infringement upon a religious *belief,* which is absolutely prohibited, and a limitation upon a religious *action,* which is subject to reasonable laws designed to protect the public health or welfare. Those laws may limit the time, place, and manner of action. See *Damascus Community Church* v. *Clackamas County,* 610 P. 2d 273 (Or. App. 1980). Because of this distinction, the Supreme Court of the United States has repeatedly dismissed, for want of a substantial federal question, appeals from state court decisions such as the one included here. For a listing of the appeals so dismissed, see *Seward Chapel, Inc.* v. *City of Seward,* 655 P.2d 1293, 1300 (Alaska 1982).

If appellants' reasoning was followed to its extreme, the actions which could come within the purview of constitutionally protected religious acts would be limited only by imagination.

Here, the zoning ordinance does not force members of appellant church to set aside the religious belief that their

children should be educated in a parochial school. Instead, the ordinance accommodates that belief by making provision for conditional use permits for the operation of parochial schools in approved areas. However, the opening of a parochial school falls within the ambit of a religious action and is subject to reasonable limitation upon the time, place, and manner of operation. As a general rule land use regulation by zoning may be a reasonable limitation upon the place of operation of a parochial school. That is the extent of our decision. We do not decide whether the specific ordinance now before us is unreasonable as applied to appellants, because the appellants have never sought approval to open the school pursuant to the ordinance. Thus, action favorable to appellants is still possible under the ordinance.

The appellants' argument also ignores its tacit accord with the city. The validity of the zoning ordinance was recognized by appellant church when it applied for a use permit to construct the buildings which it labeled a "church." It was notified in writing by the planning director that a parochial school would not be permitted. The building permits provide: "This is to certify that a building permit is issued for erecting a church . . . " and ". . . not approved for use as a parochial school." On the basis of the obvious concurrence of understanding, the buildings were constructed. Subsequently, appellant church opened the school. Thus, any inconvenience or economic burden upon the appellant church was caused solely by its own choice to vitiate its tacit accord with the city.

We accordingly conclude that, under the ordinance, a conditional use permit for a church does not automatically authorize the operation of a full-time parochial school. Accord, see e.g., *Seward Chapel, Inc.* v. *City of Seward, supra; Damascus Community Church* v. *Clackamas County, supra.* Contra, see e.g., *Board of Zoning Appeals* v. *Decatur, Indiana Company of Jehovah's Witnesses,* 233 Ind. 83, 117 N.E.2d 115 (1954); *Jewish Reconstructionist Synagogue of North Shore, Inc.* v. *Incorporated Village of Roslyn Harbor,* 38 N.Y.2d 283, 379 N.Y.S.2d 747, 342 N.E.2d 534 (1975).

Affirmed.