Argued and submitted January 24, affirmed May 22, 1984

## MEDFORD ASSEMBLY OF GOD,
*Respondent on Review,*

*v.*

## CITY OF MEDFORD,
*Petitioner on Review.*

(LUBA No. 82-010; CA A25498; SC S30142)

681 P2d 790

Karen C. Allan, Medford, argued the cause and filed response for respondent on review. With her on the response was Stuart E. Foster and Foster and Purdy, Medford.

Eugene F. Hart, Jr., Medford, argued the cause and filed petition for petitioner on review. With him on the brief was William J. Scheiderich, Medford.

LINDE, J.

**LINDE, J.,**

In *Forman v. Clatsop County,* decided this day, we affirmed a decision of the Court of Appeals that the Land Use Board of Appeals (LUBA) has exclusive jurisdiction to review the determination of a local government whether a landowner has a right to pursue a use of land not in conformity with the local government's land use regulation. 63 Or App 617, 665 P2d 365 (1983), affirmed 297 Or 129, 681 P2d 786 (1984). Following its *Forman* decision, the Court of Appeals reversed and remanded to LUBA the present proceeding, which LUBA had dismissed for lack of jurisdiction. Consistent with our affirmance in *Forman,* we also affirm this decision.

As stated in LUBA's opinion, petitioner operates a church at a site zoned since 1973 to permit use for a church. Subsequently petitioner added to its program a school teaching the first three elementary grades. This school is a conditional use in the applicable zone. A code enforcement officer notified petitioner that operation of the school required a conditional use permit. Petitioner then pursued a procedure provided in the city's ordinance to obtain an interpretation that no permit was required. The City Planning Commission issued a formal denial of the requested determination. On appeal to the city council, the council, after a hearing, adopted a "resolution" denying the request.

The resolution is a "land use decision" under ORS 197.015(10), which defines "Land use decision" to mean, among other things, a "determination made by a local government" concerning the "application" of a zoning ordinance. This formal determination is a basis for LUBA review even though it is only declaratory. The procedure provided by the city is analogous to the declaratory order provided by the state Administrative Procedure Act in ORS 183.410, which serves as a basis for review in the Court of Appeals.[1] There is no

---

[1] Medford Zoning Ordinance 10-275:

"In the event of an ambiguity in this code affecting enforcement thereof, the planning commission shall have power to declare the meaning and intent, and interpret the provisions, of this code. . . .

"(1) . . . Any action of the planning commission interpreting any uncertainty or ambiguity shall be in the form of a resolution and shall be signed by the president or presiding member of the commission and filed with the city recorder.

occasion in this case to consider whether a landowner might be able to compel a city to issue such a reviewable order when the city does not provide the kind of procedure that Medford has provided. The Court of Appeals correctly concluded that LUBA erred in holding that it lacked jurisdiction of petitioner's appeal.

The decision is affirmed.

---

"(2) In case an applicant is not satisfied with the action of the commission on his appeal, he may, within five days after the action of the planning commission, appeal in writing to the city council . . . .

"(3) Except as otherwise specifically provided in the zoning ordinance, any order or determination made by the plannning commission in the exercise of discretionary authority conferred by the zoning ordinance may be appealed to the city council by any person having a substantial interest in the subject matter of the order or determination, if such appeal is filed in accordance with this section; and, upon the perfection of the appeal, the procedure shall be the same as above set forth."

ORS 183.410:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases. The Attorney General shall prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition. The petitioner shall have the right to submit briefs and present oral argument at any declaratory ruling proceeding held pursuant to this section."