Argued and submitted December 14, 1984, affirmed February 27, reconsideration denied April 19, petition for review denied May 21, 1985 (299 Or 203)

# MEDFORD ASSEMBLY OF GOD,
*Petitioner,*

*v.*

# CITY OF MEDFORD,
*Respondent.*

(82-010; CA A33699)

695 P2d 1379

Karen C. Allan, Medford, argued the cause for petitioner. With her on the brief was Foster & Purdy, Medford.

Eugene F. Hart, Jr., Medford, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner has operated a church at the same location in the city of Medford since 1952. In 1973, the city approved petitioner's request to change the zone of the property to R-4. The church use is permitted in that zone. In 1979, petitioner began operating a three-grade primary elementary school on the church premises. The school is a conditional use in the zone. Petitioner has not attempted to obtain a conditional use permit. After a city enforcement officer notified petitioner that a conditional use permit was required for the school, petitioner sought a declaratory interpretation of the Medford zoning ordinance from the planning commission pursuant to section 10-275 of the ordinance. The planning commission determined that, under the ordinance, a conditional use permit was required to operate the school, and the city council affirmed that determination. Petitioner appealed the council's action to the Land Use Board of Appeals (LUBA), which affirmed the council. Petitioner appeals, and we affirm.[1]

■　　Petitioner's first assignment of error is that the city's application of the conditional use permit requirement to the operation of its school violates the freedom of religion provisions of the United States and Oregon Constitutions. We held to the contrary in *Damascus Comm. Church v. Clackamas Co.,* 45 Or App 1065, 610 P2d 273, *rev den* 289 Or 588 (1980), *appeal dismissed* 450 US 902 (1981). We are unpersuaded by petitioner's attempt to distinguish that case from the present one and by its arguments to the effect that our reasoning and holding in *Damascus Comm. Church* are incorrect.

■　　In its second assignment, petitioner contends that

---

[1] Initially, LUBA dismissed the appeal on the ground that the city's declaration was advisory and, unlike the denial of an application for a conditional use permit, had no legal "force except that it provides guidance to the city" and the applicant "in how to proceed." LUBA therefore concluded that the city's action was not an appealable "land use decision" within the meaning of ORS 197.015(10). This court reversed LUBA's dismissal of the appeal, *Medford Assembly of God v. City of Medford,* 64 Or App 815, 669 P2d 1161 (1983), *aff'd* 297 Or 138, 681 P2d 790 (1984). The Supreme Court explained in its opinion:

"The [council's] resolution is a 'land use decision' under ORS 197.015(10), which defines 'land use decision' to mean, among other things, a 'determination made by a local government' concerning the 'application' of a zoning ordinance. This formal determination is a basis for LUBA review even though it is only declaratory. * * *" 297 Or at 140.

The present appeal is from LUBA's order on our remand.

the educational activity conducted on the church premises is part of the church's religious mission; therefore, the school is an "accessory use" to the permitted church use under the zoning ordinance. Accordingly, petitioner argues, the city's construction of the ordinance[2] erroneously treated the school as a conditional use rather than as an accessory permitted use. We agree with LUBA that the city's interpretation is a reasonable one, *Fisher v. City of Gresham,* 69 Or App 411, 685 P2d 486 (1984), and does not present a constitutional defect. *See Damascus Comm. Church v. Clackamas Co., supra.*

Petitioner's third and fourth assignments turn on Resolution No. 3950, adopted by the city council in January, 1980, which interpreted the relevant zoning ordinance provisions as allowing another organization, the Open Bible Standard Church, to operate a school without obtaining a separate permit from the one it had acquired for its church operations. The resolution provides, as material:

"1.   That the term 'church' as used in the Medford zoning ordinance includes a school meeting state compulsory attendance requirements operated as a part of the church ministry on the church premises; and,

"2.   That such a school being operated by the Open Bible

---

[2] Section 10-165 of the ordinance provides, so far as relevant:

"10-165 *High Density Multiple-Family
District, or R-4 District.*

"(1)   Purpose. This district is intended to provide for high density multiple-family residential developments in locations close to shopping and services, transportation or public open space, and, in appropriate locations, a transitional use area between residential districts and other less restrictive districts.

"(2)   Permitted uses. The following uses are permitted:

"* * * * *

"(e)   Churches subject to the requirements of Section 10-245.(5).

"* * * * *

"(3)   Accessory uses. The following accessory uses are permitted:

"* * * * *

"(f)   Other accessory uses and accessory buildings and structures customarily appurtenant to a permitted use, but fences shall comply with Section 10-245(19).

"(4)   Conditional uses. The following conditional uses may be permitted subject to a conditional use permit:

"(a)   Public, parochial, and private schools, including child care facilities, but not including business, technical, or similar schools."

> Standard Church is permitted under its original conditional use permit for a 'church.' "

After our decision in *Damascus Comm. Church v. Clackamas Co., supra,* the council reconsidered that resolution and adopted a second, which provides in pertinent part:

> "[T]he zoning ordinance of the city of Medford shall be interpreted in accordance with the opinion in *Damascus Community Church v. Clackamas County,* and the intepretation announced in Resolution No. 3950 shall not be followed in the future; provided, however, that the Open Bible Standard Church located at 2715 Table Rock Road shall continue to enjoy the privilege of operating its school, in its presently existing facilities only, as provided in Resolution No. 3950."

■ In its third assignment, petitioner contends that it enjoys a nonconforming use for the operation of the school by virtue of Resolution No. 3950. It relies on section 10.260 of the zoning ordinance, which provides:

> "A use lawfully occupying a structure or site on the effective date of this code or of amendments thereto, which does not conform to the use regulations for the district in which it is located, shall be deemed to be a non-conforming use and may be continued * * *."[3]

The essence of petitioner's argument is that, although its school was not in operation before the effective date of the zoning code, it was in operation before Resolution No. 3950 was adopted, thus making the school use lawful. Therefore, that use became a nonconforming use after the subsequent interpretive resolution disavowed the interpretation embodied in Resolution No. 3950. Petitioner regards the interpretive resolutions as having the effect of amendments to the ordinance.[4] LUBA disagreed and explained:

---

[3] Petitioner also relies on the "state common law" pertaining to nonconforming uses, as expressed in *Polk County v. Martin,* 292 Or 69, 636 P2d 952 (1981), and earlier cases. For purposes of this case, we find no analytical distinction between the ordinance standard and the standards under the case authority.

[4] Petitioner argues, alternatively, that if the adoption of the resolutions was a quasi-judicial rather than a legislative action, the second resolution effectively overrules the first and can be given only prospective effect. *But see U.S. National Bank v. Wagoner,* 71 Or App 266, 692 P2d 149 (1984). That argument fails for at least the same reason as the argument discussed in the text: The ordinance rather than the interpretive resolutions defines the permissible uses of and the conditions for petitioner's use of the property.

"We do not accept petitioner's contention [that] the 'lawful use' requirement in the city ordinance has been satisfied in this case. The record discloses that petitioner began to operate its school without city authorization when the zoning ordinance required a conditional use permit for any 'parochial school' in the R-4 district. The ordinance was never amended to eliminate that requirement; therefore, petitioner's school never became a lawful use.

"Petitioner places emphasis on Resolution 3950, adopted by the city in 1980. The resolution interpreted the zoning ordinance permissively in connection with another religious institution. However, it did not *amend* the ordinance to make petitioner's school a lawful use under Section 10.260. We do not construe the resolution to determine *petitioner's* rights under the Medford ordinance.

"We conclude that on and after the effective date of the Medford zoning code, a conditional use permit was required for a parochial school in the R-4 district. Petitioner established a parochial school without obtaining a permit and has never obtained one." (Footnote omitted; emphasis in original.)

We agree with LUBA.

■     Petitioner's final assignment is that, by allowing the Open Bible Standard Church to operate a school without a conditional use permit and not allowing petitioner to do so, the city has violated petitioner's rights to equal privileges and to equal protection of the laws under Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution, respectively.[5] The record does not explain clearly why the city allowed the Open Bible Standard Church to benefit from the interpretation in Resolution No. 3950 after the later resolution was adopted. However, the city states in its brief that, after our decision in *Damascus Comm. Church v. Clackamas Co., supra:*

"The Council decided not to follow its erroneous interpretation announced [in Resolution No. 3950], but felt obligated to the Open Bible Standard Church not to alter its decision in that particular case."

---

[5] Twelve churches in Medford besides petitioner's and the Open Bible Standard Church operate on-premise schools. Nine do so pursuant to conditional use permits, and three enjoy the right to operate a school as preexisting nonconforming uses.

In rejecting petitioner's equal privileges and equal protection argument,[6] LUBA relied principally on *City of Eugene v. Crooks,* 55 Or App 351, 354, 637 P2d 1350 (1981), *rev den* 292 Or 722 (1982), where we held, generally, that the selective enforcement of an ordinance violates equal protection rights "only if there is no rational basis to justify the selective enforcement."

The city appears to argue that the rational basis for the different treatment of petitioner and the Open Bible Standard Church is that Resolution No. 3950 bound the city to allow the latter to continue its school operations on church premises. The city relies on the fact that, in *Medford Assembly of God v. City of Medford, supra,* n 1, the Supreme Court analogized declaratory resolutions under section 10-275 of the ordinance to declaratory rulings under ORS 183.410. The city notes that ORS 183.410 provides that declaratory rulings issued pursuant to it are "binding between the agency and the petitioner on the state of facts alleged * * *." However, that language of the statute is unrelated to the point of the comparison the Supreme Court made in *City of Medford.* The court analogized section 10-275 to ORS 183.410 solely to point out that both could provide "a basis for review in the Court of Appeals." 297 Or at 140. That opinion does not hold that the city is bound by its declaratory interpretation; unlike ORS 183.410, the ordinance provision contains no specific language to make the city's declarations binding. The question of whether Resolution No. 3950 bound the city was not before the Supreme Court and was not addressed.

Nevertheless, we agree with the city that its adoption of Resolution No. 3950 establishes a rational basis for enforcing the ordinance differently with respect to the Open Bible Standard Church and other entities. The question is not whether Resolution No. 3950 *forecloses* the city from enforcing the conditional use requirement against the Open Bible Standard Church, but whether the resolution provides the city with any rational reason—inapplicable to petitioner—for *electing* to enforce the ordinance in one instance and not the other. We conclude that there are such reasons, as the following example

---

[6] Petitioner does not appear to argue that this is a case in which the requirements of Article I, section 20, and those of the federal Equal Protection Clause differ. *See Olsen v. State ex rel Johnson,* 276 Or 9, 554 P2d 139 (1976).

illustrates. Resolution No. 3950 was adopted in response to a request by the Open Bible Standard Church for a declaratory interpretation after the trial court in *Damascus Comm. Church v. Clackamas Co., supra,* had ruled that the county could not require a church to obtain a conditional use permit to operate a school on the church premises. At that time, the city felt obligated to comply with that decision. After our decision reversing the trial court decision in the *Damascus Comm. Church* case, the city realized that it need not interpret its ordinance as it did in Resolution No. 3950 and disavowed that interpretation in the second resolution. In short, the city recognized that the law had changed and that Resolution No. 3950 was legally incorrect.

The city, nevertheless, has a continuing interest in encouraging proponents and opponents of zoning actions to use the ordinance's declaratory interpretation procedure. That interest is served by the city's adherence to Resolution No. 3950 as it applies to the particular church whose invocation of the procedure resulted in the adoption of the resolution; the city has no comparable interest in misapplying its ordinance in accordance with Resolution No. 3950 to another church that did not initiate the declaratory proceeding that culminated in that resolution and which later initiated the declaratory proceeding involved in this appeal after the city had disavowed the interpretation contained in Resolution No. 3950. If any discrimination necessitating constitutional analysis inheres in the city's differing application of the conditional use permit requirement to petitioner and to the Open Bible Standard Church,[7] there is a rational basis for the discrimination.

Petitioner argues that the rational basis test does not

---

[7] We assume only for purposes of discussion that some constitutionally cognizable classification is involved here. However, it is just as arguable that all that is involved are different resolutions of different controversies under different legal standards that were understood to be controlling at the time of the decisions. Both the adoption of Resolution No. 3950 and of the later resolution repealing it could have been appealed to LUBA. *See* the Supreme Court's opinion in *Medford Assembly of God v. City of Medford, supra,* n 1. Had either resolution been tested in that way, the ordinance presumably would have been applied in the same way to both organizations or a legal, as opposed to rational, basis for differentiating between them would have been enunciated. Viewed in that perspective, the difference in treatment here might be better characterized as two applications of the ordinance—one of which was arguably erroneous and appealable—than as a classification giving rise to equal privileges and equal protection analysis.

apply here and that the disparate applications of the ordinance must instead pass the "strict scrutiny" test for classifications that impinge on fundamental interests. *See Olsen v. State ex rel Johnson, supra,* n 6, 276 Or at 17. However, the fundamental interest that petitioner identifies is its right to the free exercise of religion, which we have held, in response to petitioner's first assignment, is not affected by the application of the conditional use permit requirement to the school. The rational basis test is the proper one by which to measure any classification that was made here, and the classification passes that test.

Affirmed.