ARKANSAS ALCOHOLIC BEVERAGE CONTROL
DIVISION *v.* PERSON

91-269                                      832 S.W.2d 249

Supreme Court of Arkansas
Opinion delivered June 15, 1992
[Rehearing denied July 13, 1992.]

*Milton Leuken*, for appellant.

*Person & Hughes*, by: *Gary D. Person*, for appellee.

ROBERT H. DUDLEY, Justice. Gary D. Person applied to the Arkansas Alcoholic Beverage Control Division to transfer his retail liquor and retail beer permits to a new location in Fort Smith. The Director of the A.B.C. denied the application because the new location is within 200 yards of a church. Ark. Code Ann. § 3-4-206 (1987) and A.B.C. Regulation 1.32(6)A.-B. both prohibit the location of a retail liquor business within 200 yards of a church. Person appealed the Director's denial to the A.B.C. Board. The Board affirmed the denial. Person appealed to circuit court. The circuit court reversed the decision of the Board and gave three reasons: (1) The church was not a "church" within the meaning of the statute and regulation, (2) the Board abused its discretion in refusing to consider a waiver of the church, and (3) the Board abused its discretion because it had previously allowed another retail store to be located within 200 yards of a church. We reverse.

The rules governing judicial review of decisions of administrative agencies are well settled. Judicial review is limited in scope, and the administrative agency decision will be upheld if supported by substantial evidence, and it is not arbitrary, capricious or an abuse of discretion. *Citizens Bank* v. *Arkansas State Banking Bd.*, 271 Ark. 703, 610 S.W.2d 257 (1981). We review

the decision of the board or agency, not the decision of the circuit court. *Edwards* v. *Arkansas Alcoholic Beverage Control Div.*, 307 Ark. 245, 819 S.W.2d 271 (1991).

Appellant A.B.C. first argues that there was substantial evidence that the proposed location of the retail liquor and beer business was within 200 yards of a church. The argument is well taken. Ark. Code Ann. § 3-4-206 and A.B.C. Regulation § 1.32(6) together provide that no permit shall be transferred to a retail liquor business that is within 200 yards of a church. The proof before the Board showed that St. Augustine's Episcopal Church is within 200 yards of the proposed location of the retail liquor store; the church has about forty-eight members, with sixteen of those being active; and services are held every Sunday morning. The affidavit of the Rev. Robert Burton, Vicar of St. Augustine's, refers to the church as having forty members, thirteen active, who meet for religious services every Sunday morning. The word "church" in a statute means the place where a body of people or worshipers associate together for religious purposes. *Stratton* v. *State*, 13 Ark. 688, 691 (1853). The word church in a statute or regulation is to be given its usual and ordinary meaning. *Abram* v. *City of Fayetteville*, 281 Ark. 63, 661 S.W.2d 371 (1983). Thus, there was substantial evidence before the Board that the proposed location was within 200 yards of a church.

Appellant A.B.C. next argues that the Board's decision was neither arbitrary nor capricious because it followed the regulation and the statute. Again, the argument is well taken. The trial court held that the action was arbitrary because the church waived the application of the statute and regulation. However, the waiver is ineffective. The statute expresses the public policy of this State, and a waiver by a church congregation does not change the State's public policy. The action of the Board cannot be said to be arbitrary when it follows the mandate of a valid statute.

The applicant for the transfer, Person, argues that the A.B.C.'s regulations allow waivers of the distance requirement for private clubs, and therefore the regulations are inconsistent, and the A.B.C. abused its discretion in refusing to permit a waiver for his retail, or package, permits. The differentiation made by

the regulations with regard to waiver and the types of permits is supported by our cases interpreting the statutes regulating the sale of alcoholic beverages. As previously set out, the statute prohibits location of a "retail liquor business" within 200 yards of a church or school. Ark. Code Ann. § 3-4-206 (1987). In *Jones* v. *Reed*, 267 Ark. 237, 590 S.W.2d 6 (1979), we said the words "retail liquor business" refer to retail "package" stores and not to private clubs. In *Rowell* v. *Austin*, 276 Ark. 445, 448, 637 S.W.2d 531, 533 (1982), we affirmed the definition we had given the retail liquor permit and wrote, "[I]t is obvious that the legislature intended to prevent retail 'package' stores from operating within 200 yards of a school or church building." Therefore, the regulations may differentiate between "package" stores and private clubs.

■ Person argues that some years ago the A.B.C. granted a permit for another retail liquor business to locate within 200 yards of a church in violation of the same statute, and therefore the action of the Board was arbitrary when it refused to likewise approve his proposed location. The A.B.C. acknowledges that in 1979 it erroneously granted a transfer of a permit to a location within 200 yards of a church. Even so, it is not arbitrary for a governmental agency to refuse to make the same error twice.

■ Person also contends that the A.B.C. should be estopped from denying the permit. The facts underlying the argument are that the local agent of the A.B.C. suggested the proposed location to the manager of the business. The manager asked if there would be any problems with the location, and the agent replied that it might be too close to a church, but there were "two exceptions in the book," and a permit could be obtained for the location. Person, the applicant, who relied on this advice, is an attorney who made a mistake in reading the regulations. Prior to 1980, the State could not be estopped by the actions of its agent. In *Foote's Dixie Dandy* v. *McHenry, Adm'r*, 270 Ark. 816, 607 S.W.2d 323 (1980), we abandoned the principle that the State can *never* be estopped but stated that estoppel is not a defense that should be readily available against the State. In *Arkansas Power & Light Co.* v. *Arkansas Public Service Commission*, 275 Ark. 164, 628 S.W.2d 555 (1982), we held that estoppel could not be applied against the State because there was no necessary reliance upon a misleading action by the State. The same rationale applies

here. Also, the local agent did not have the authority to waive the regulations and therefore estoppel can not be applied against the State. *Miller* v. *City of Lake City*, 302 Ark. 267, 789 S.W.2d 440 (1990).

We reverse the order of the circuit court and remand for entry of an order consistent with this opinion.