On appellant's Motion for Reconsideration filed November 19, 1992, reconsideration allowed; order adhered to with instructions June 30, 1993

CITY OF LAKE OSWEGO,
a municipal corporation,
Clackamas County, Oregon,
*Respondent,*

*v.*

$23,232.23 IN CASH,
Motorola Pager,
*Defendants,*

*and*

Rodney S. MITUNIEWICZ,
*Appellant.*

(91-5-372; CA A77119)

855 P2d 201

Jenny Cooke, Portland, for motion.

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

This is an appeal from a civil judgment ordering forfeiture of $23,232.23 in cash that was seized from claimant at the time of his arrest. When claimant filed his notice of appeal, he also filed a motion to have the transcript prepared at state expense and an affidavit of indigency in support his motion. ORS 21.605.[1] We denied the motion, and he has now moved for reconsideration of that order. We allow reconsideration to determine whether the legislature has appropriated funds to pay for transcripts in civil cases and, if so, what showing is necessary to obtain a transcript at state expense.

We first considered this issue in *Roberts and Roberts*, 34 Or App 507, 579 P2d 862, *rev den* 284 Or 80 (1978). In that case, the appellant in a domestic relations case moved for an order requiring the State Court Administrator to pay the costs of preparing the record and transcript on appeal.[2] We denied the appellant's motion, because the legislature had not appropriated funds for preparing transcripts for indigent civil litigants. 34 Or App at 509.

Here, in response to claimant's motion for reconsideration, we asked the State Court Administrator to inform us whether the legislature had appropriated funds to pay for transcripts in civil cases. The Deputy State Court Administrator responded:

"[T]here is a specific Judicial Department appropriation fund entitled 'mandated payments' from which a payment for a transcript ordered pursuant to ORS 21.605 would be authorized. Within that appropriation, however, there is no

---

[1] ORS 21.605(3)(a) provides:

"If fees and court costs payable by a party to a civil action or proceeding have been waived or deferred under subsection (1) of this section, the Chief Justice in an appeal to the Supreme Court pursuant to the original appellate jurisdiction of the court, the Chief Judge in an appeal to the Court of Appeals, a judge of a circuit court in appeal to the circuit court or a judge of a district court in an appeal to the district court *may order that the expense of preparing the record and transcript on appeal be waived in whole or in part,* deferred in whole or in part, or both. That expense, to the extent waived or deferred, shall be paid by the State Court Administrator out of funds appropriated for the purpose." (Emphasis supplied.)

[2] Although the legislature has amended ORS 21.605 since our decision in *Roberts*, the pertinent language is substantively the same.

specific amount set aside or expressly budgeted for that purpose."

The deputy's response indicated that allocations from the fund are based, primarily, on historical expenditures. Currently, "jury related expenses account for well over 90 percent of the mandated payments budget." Although no amount within the "mandated payments" fund has been specifically earmarked for the payment of transcript fees, the establishment of that fund does constitute an appropriation for that purpose. Consequently, our decision in *Roberts* is not dispositive.

■■ By using the term "may" in ORS 21.605, *see* n 1, *supra*, the legislature authorized the court to exercise discretion in reviewing any appellant's request that the State Court Administrator be ordered to pay for the cost of a transcript. *Lane County Public Works Assn. v. Lane County*, 118 Or App 46, 53, 846 P2d 414 (1993). However, the legislature did not establish any criteria to guide us in the exercise of that discretion. If we were to approve every motion for a transcript that is filed by an indigent appellant in a civil case, the financial burden could overwhelm the appellate court system. We, therefore, hold that, in order to obtain a transcript at state expense under ORS 21.605(3)(a), an indigent appellant must make a *prima facie* showing that the portion of the transcript necessary to prosecute the appeal would reveal reversible error in the proceedings below. *See Smith v. Custom Micro, Inc.*, 311 Or 375, 379, 811 P2d 1371 (1991). Claimant has not yet made such a showing.

■ Claimant contends that any failure to waive the costs associated with an appeal violates Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the United States Constitution. He argues that imposing fees for transcripts impermissibly denies the right to an appeal by indigent civil litigants.

The right to an appeal is a privilege granted by the legislature. ORS 19.020. In order for claimant to establish that the fee requirement violates Article I, section 20, he must show that the fee discriminates against members of a true class and that

"the distinction between classes either is impermissibly based on persons' immutable characteristics and reflects

'invidious' social or political premises or has no rational foundation in light of the [statute's] purposes." *Northwest Advancement v. Bureau of Labor*, 96 Or App 133, 142, 772 P2d 943, *rev den* 308 Or 315 (1989), *cert den* 495 US 932 (1990).

Claimant apparently contends that persons who cannot afford the transcript fee constitute a "true class." He does not contend that *de facto* "classification" according to wealth should be treated any differently under Article I, section 20, than under the Fourteenth Amendment. *See Medford Assembly of God v. City of Medford*, 72 Or App 333, 339 n 6, 695 P2d 1379, *rev den* 299 Or 203 (1985); *see also Cooper v. OSAA*, 52 Or App 425, 433, 629 P2d 386, *rev den* 291 Or 504 (1981). In *Ortwein v. Schwab*, 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572, *rev den* 411 US 922 (1973), the appellants contended that Oregon's fee for filing an appeal impermissibly discriminated against the poor. The Supreme Court rejected that contention, because

"[n]o suspect classification, such as race, nationality, or alienage, is present. The applicable standard is that of rational justification. [This is not a case where the] law requires a right to a free appeal." 410 US at 660. (Citation omitted.)

The legislature did not intend to establish a right to a free appeal for every indigent civil litigant, as evidenced by its use of the discretionary term "may" in ORS 21.605(3). Claimant does not contend that the transcript fee requirement is not rationally related to the cost of its production. *Ortwein v. Schwab, supra*, 410 US at 660.

By establishing a rational standard for the exercise of our discretion, we ensure that our decisions in reviewing requests for fee waivers are neither arbitrary nor capricious. Our requirement that an appellant make a *prima facie* showing of reversible error is rationally related to our need to avoid total disruption of the appellate process, and it ensures that litigants with meritorious appeals will have their day in court.

Reconsideration allowed; order adhered to, with leave to renew motion for transcript at state expense.